**BEXAR COUNTY CIVIL SERVICE COMMISSION, Appellant,**

v.

**Louis CASALS, Appellee.**

No. 04–01–00195–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 28, 2001.

Suasan A. Bowen, Asst. Crim. Dist. Atty., San Antonio, for appellant.

Cynthia Lopez Beverage, Vanessa Rush, Jackson Walker, L.L.P., San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice and SARAH B. DUNCAN, Justice.

Opinion by TOM RICKHOFF, Justice.

In this civil service case, we are asked to determine whether the trial court properly reversed an adverse decision by the appellant, Bexar County Civil Service Commission, against appellee, Louis Casals. We hold that the Commission violated Casals's substantial rights by entering an order in excess of its authority; therefore, we affirm the trial court's judgment.

## PROCEDURAL BACKGROUND

Casals is a Deputy with the Bexar County Constable's office, Precinct Two. On March 31, 1999, Casals filed a grievance, alleging he had been improperly downgraded on his last evaluation. On April 8, 1999, the Office of the Constable sent Casals an Order of Administrative Leave, signed by Constable Jerry Connell, placing Casals on administrative leave pending the completion of an investigation into alleged misconduct. On April 19, 1999, the Office of the Constable sent Casals a Notice of Proposed Dismissal, signed by Connell, alleging violations of various subsections of Temporary Chapter IX, Section 5, of the Bexar County Civil Service Rules. Connell was among the people listed in the Notice as having knowledge or information about the allegations against Casals. On May 14, 1999, the Office of the Constable sent Casals a Notice of Decision, which was signed by Connell, informing Casals of Connell's decision to terminate his employment.

On May 26, 1999, Casals appealed the decision to terminate his employment, listing Connell as one of his witnesses. On June 14, 1999, Connell responded to Casals's appeal, listing himself as one of the complaining witnesses.

On September 14, 1999, the Bexar County Civil Service Commission sent a notice of hearing to both Casals and Connell. Connell's notice contained the following paragraph:

It is most imperative that you be present at the hearing. If an emergency arises and you are unable to attend, you must submit a written request for postponement to me no later than one week prior to the hearing stating the reasons for the requested postponement. If you do not submit this written request prior to one week, you will have to appear and request the postponement at that time before the Civil Service Commissioners and show just cause for the postponement and the reasons for failing to give notice less than one week prior to the scheduled hearing. The Commission will determine whether the postponement will be granted at that time. Failure to appear at the appointed time will nullify the adverse action taken against the employee.

Casals's notice was identical except that the last sentence read: "Failure to appear at the appointed time will result in outright dismissal of your appeal for failure to prosecute."

The Commission convened on September 23, 1999 to consider Casals's grievance and his appeal from his dismissal. Connell neither appeared nor gave notice of an

inability to appear. Casals's attorney objected to going forward with the hearing, arguing that the Adverse Action was forfeited under Section 3 (entitled "Hearings"), Rule 11.26, of the Bexar County Civil Service Commission's Rules, which provides as follows:

> The Commission, through its Director, shall notify the Elected Official/Department Head of the hearing date, time, or place. If the Elected Official/Department Head does not attend the hearing or does not notify the Commission ahead of time of the Elected Official's/Department Head's inability to attend, the failure to attend will be considered the Elected Official's/Department Head's forfeiture of the Adverse Action. The Commission will convene and enter an order stating the Elected Official's/Department Head's failure to attend and that the Commission has deemed that the Elected Official/Department Head has forfeited the Adverse Action and that all the facts alleged in the Adverse Action Notice are untrue.[1]

Casals's attorney also complained that she had the right to cross-examine Connell. The Commission asked if the hearing could proceed without Connell and if his testimony could be rescheduled. The County stated it had a witness present who should be allowed to testify immediately, but Casals's attorney objected to holding the hearing in a piecemeal fashion. Over Casals's objections, the Commission began the hearing.

On December 13, 1999, the Commission reconvened the hearing. Connell was, again, absent, although he gave notice of his inability to attend. Casals's attorney objected to proceeding with the hearing in Connell's absence because reconvening the

hearing violated Rule 11.26 and Connell's absence deprived Casals of his right to cross-examine witnesses. Over Casals's objections, the Commission proceeded with the hearing.

The Commission overturned Casals's termination, but suspended him without backpay for nine months during the pendency of the appeal to the Commission. Casals appealed the Commission's suspension decision to the district court, where he raised a single complaint—that the Commission did not follow its own rules. The district court reversed the suspension.

On appeal to this court, the County argues that the Commission's decision was supported by substantial evidence, and Connell complied with the Commission's rules.

### DISCUSSION

■■■ A decision by a civil service commission is subject to the "substantial evidence rule." TEX. LOCAL GOV'T CODE ANN. § 158.037 (Vernon 1999). Under this standard, the petitioner has the burden to show that the commission's decision was not based on substantial evidence. *Rough v. Ojeda*, 954 S.W.2d 127, 129 (Tex.App.—San Antonio 1997, no pet.). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance of the evidence. *City of Houston v. Anderson*, 841 S.W.2d 449, 451 (Tex. App.—Houston [1st Dist.] 1992, writ denied). As a result, the evidence supporting the commission's order may preponderate against the commission's decision and still amount to substantial evidence. *Anderson*, 841 S.W.2d at 451. The reviewing court, whether the district court or the court of appeals, may not set aside the

---

1. Rule 11.25 provides in a similar fashion that an employee's failure to attend or give notice of inability to attend will result in the employ- ee's deemed acceptance of the Adverse Action.

commission's decision because it would reach a different conclusion; it may only do so if that decision was made without regard to the facts or the law and so was unreasonable, arbitrary, or capricious. *Rough*, 954 S.W.2d at 129.

However, even if substantial evidence supports the commission's order, the Texas Local Government Code directs the district court to reverse or remand the commission's decision if the petitioner's substantial rights have been prejudiced because the commission's findings, inferences, conclusions, or decisions are "(A) in violation of a constitutional or statutory provision; (B) in excess of the commission's authority; (C) made through unlawful procedure; (D) affected by other error of law; . . . or (F) arbitrary or capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion." TEX. LOCAL GOV'T CODE ANN. § 158.0121 (Vernon 1999). Relying on this authority, Casals contends his substantial rights were violated because the Commission violated Rule 11.26, as well as his right to cross-examination.

In *Gulf States Utilities Company v. Public Utility Commission of Texas*, 947 S.W.2d 887 (Tex.1997), the Supreme Court engaged in the following three-part analysis to determine whether an agency's order should be reversed and the cause remanded under a provision similar to Section 158.0121 found in the Administrative Procedure Act:[2] first, did the commission commit one of the errors listed in Government Code Section 2001.174; second, was the petitioner's asserted right substantial; and third, did the commission's decision prejudice that right. *Id.* at 891. We consider the analysis employed by the *Gulf States* Court applicable here and hold that a trial court shall reverse or remand a case for further proceedings under Section 158.0121 if (1) the commission committed one of the errors listed in Section 158.0121; (2) a substantial right of the petitioner was implicated; and (3) that right was prejudiced by the error.

*Was error committed here?*

■ The County contends that Rule 11.26 was satisfied because Connell gave notice of his inability to attend the December 13, 1999 hearing. The County also asserts that Rule 11.26's purpose was satisfied because a representative of the Constable's office was present to represent its interests. The County's arguments overlook Connell's failure to attend or give notice of an inability to attend the September 23, 1999 hearing, ignore the plain language of Chapter XI of the Commission's Rules, and impermissibly add language to Rule 11.26.

**2.** The Administrative Procedure Act provides as follows:

If the law authorizes review of a decision in a contested case under the substantial evidence rule . . . , a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000).

Rule 11.26's plain and unambiguous language provides that an Adverse Action will be forfeited if the Elected Official/Department Head does not attend the hearing or does not notify the Commission ahead of time of the Elected Official's/Department Head's inability to attend. A representative's presence satisfies the purpose of Section 4, "Hearing Procedure," which is the section that governs how the hearing will be conducted, because Rules 11.32[3] and 11.33[4] of that section permit the parties to have another person represent them at the hearing. Rules 11.26 and 11.33 recognize that requiring an elected official or department head to attend Commission hearings would burden the system by causing a backlog of cases awaiting the official's availability; therefore, if an official cannot attend, he or she is required only to provide timely notice to the Commission and may, after providing timely notice, send a representative. However, if the enacting body had intended to allow a representative of the Elected Official/Department Head to satisfy Rule 11.26, it would have said as much.

Because Rule 11.26 (and its counterpart, Rule 11.25) does not allow for compliance by a representative, it is the Elected Official/Department Head (or employee) who must either attend the hearing or give timely notice of an inability to attend. The Commission is bound by its rules to the same degree as all other participants in the proceeding, and Rule 11.26 mandates that the Commission enter an order stating the Elected Official's/Department Head's failure to attend, that the Commis-

sion has deemed that the Elected Official/Department Head has forfeited the Adverse Action, and that all the facts alleged in the Adverse Action Notice are untrue. Because the Commission did not enter such an order and, instead, proceeded with the hearing, the Commission exceeded its authority.

*What was Casals's substantial right?*

Casals's right to have the Adverse Action forfeited and all the facts alleged in the Adverse Action Notice deemed untrue is substantial.

*Was Casals's substantial right prejudiced?*

The County contends that Connell's presence at the hearing would have added nothing because he merely signed the paperwork. We are unwilling to hold that an Elected Official/Department Head can avoid the clear language of Rule 11.26 by arguing, after the fact, that he or she has no knowledge of the precipitating event. The Commission's decision not to enter an order of forfeiture and, instead, proceed with the hearing in a manner contrary to Rule 11.26 prejudiced Casals's right to have the Adverse Action forfeited and all facts alleged in the Adverse Action Notice deemed untrue without any further action on his part.

*Reverse or remand?*

Although the County argues the Commission's decision should be upheld, in the alternative, the County asks this court to remand the case "so that the [Commission] can conduct a 'procedurally correct' hearing in accordance with this Court's ruling." Section 158.0121 mandates reversal or re-

---

**3.** Rule 11.32 allows an employee to be represented at the hearing, and the employee must notify the Commission of the selection of a representative and identify that person.

**4.** There is no Rule comparable to Rule 11.32 allowing the Elected Official/Department Head to choose a representative; however,

Rule 11.33 impliedly allows the Elected Official/Department Head to choose a representative by stating, "Once a representative has been chosen by either the employee or the Elected Official/Department Head, the representative ... shall address the Commission...."

**62**

mand if the conditions of that section are met, but grants the trial court discretion to decide which course of action is appropriate. This implies that the proceedings in the agency, after remand, shall be of such a nature as to give effect to the reviewing court's judgment, within the possible range of actions permitted the agency under the statutes that govern its actions. *Southwestern Bell Tel. Co. v. Public Util. Comm'n,* 615 S.W.2d 947, 954 (Tex.Civ. App.—Austin), *writ ref'd n.r.e.,* 622 S.W.2d 82 (Tex.1981).

The record does not indicate, and the County does not allege, that the trial court abused its discretion, and we will not disturb the trial court's decision unless the record indicates an abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). Casals did not bring a substantial evidence challenge, and, with the exception of Casals's inability to cross-examine Connell, the Commission apparently heard all other available evidence. Remanding the case for the purpose of allowing the County to comply with Rule 11.26 would not give effect to the trial court's judgment. Because the trial court sustained Casals's complaint that the Adverse Action should have been forfeited, the trial court properly reversed the Commission's decision.

## CONCLUSION

Casals was entitled to a forfeiture order pursuant to Rule 11.26 and a reversal pursuant to Section 158.0121; therefore, we affirm the trial court's judgment.