**Roger ARREAGA, Appellant,**

v.

**BEXAR COUNTY SHERIFF'S DEPARTMENT, Sheriff Ralph Lopez, in his official capacity, and Bexar County Sheriff's Civil Service Commission, Appellees.**

No. 04–01–00701–CV.

Court of Appeals of Texas, San Antonio.

Oct. 9, 2002.

Hao Le, Stewart & Le, P.L.L.C., Morris E. Munoz, Combined Law Enforcement Associations of Texas, Inc., San Antonio, for Appellant.

Sue Ann Gregory, Assistant Criminal District Attorney, San Antonio, for Appellees.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

Opinion by: KAREN ANGELINI, Justice.

Roger Arreaga appeals the trial court's judgment affirming the Bexar County Sheriff's Civil Service Commission's ("Commission") decision to demote him. Arreaga brings four issues on appeal. We overrule all issues and affirm the judgment of the trial court.

## BACKGROUND

Arreaga, a deputy sheriff, was demoted for detrimental conduct and for violating civil service rules. The Commission upheld Arreaga's demotion. Arreaga appealed that decision to district court. After a bench trial, the trial court affirmed the Commission's decision.

## SUBSTANTIAL EVIDENCE RULE

■ In his first issue, Arreaga argues that the trial court erred in determining that there was substantial evidence to support the Commission's decision. A decision by a civil service commission is subject to the "substantial evidence rule." TEX. LOC. GOV'T CODE ANN. § 158.037 (Vernon 1999). Under this standard, the petitioner has the burden to show that the Commission's decision was not based on substantial evidence. *Bexar County Civil Serv. Comm'n v. Casals*, 63 S.W.3d 57, 59 (Tex.App.-San Antonio 2001, no pet.). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance of the evidence. *Id.* Thus, the evidence supporting the Commission's order may preponderate against the Commission's decision and still amount to substantial evidence. *Id.* The reviewing court, whether the district court or the court of appeals, may not set aside the Commission's decision because it would reach a different conclusion; it may only reverse if that decision was made without regard to the facts or the law and as such, was unreasonable, arbitrary, or capricious. *Id.* at 59–60.

Appellees Bexar County Sheriff's Department, Sheriff Ralph Lopez, and Bexar County Sheriff's Civil Service Commission respond that the trial court did not err because Arreaga failed to meet his burden to show that the Commission's decision was not based on substantial evidence. We agree.

■ The Texas Local Government Code provides for certain procedures for review under the substantial evidence rule. When a party appeals the Commission's decision, the Commission has the duty to "send to the reviewing court the original or a certified copy of the entire record from the proceeding under review." TEX. LOC. GOV'T CODE ANN. § 158.0122(a) (Vernon 1999); *see also id.* § 158.0371 (explaining that the procedures for review under section 158.037 for employees of a sheriff's department are the same procedures as those provided by section 158.0122 for employees under the County Civil Service System). The record then "shall be filed with the clerk of the court." *Id.* § 158.0122(a). Although the Commission is obligated to send the record and the clerk of the trial clerk is obligated to file the record, the Texas Local Government Code still provides that the "party seeking judicial review shall offer, and the reviewing court shall admit, the commission record into evidence as an exhibit." *Id.* § 158.0122(c). Here, despite having the burden to show that the Commission's decision was not based on substantial evidence, Arreaga did not offer the commission record into evidence as an exhibit. The trial court, therefore, had no evidence before it and thus, no basis to determine that the Commission's decision was not supported by substantial evidence. Arreaga wholly failed to meet his burden and as such, the trial court did not err in affirming the Commission's decision. We overrule Arreaga's first issue.

## DUE PROCESS

■ Arreaga argues in his second issue that the Commission violated his due process rights, because the Commission impermissibly placed the burden on him at the administrative hearing. Because Arreaga failed to offer the commission record

at trial, he has, however, waived this issue on appeal. *See* Tex.R.App. P. 33.1. Without the commission record properly before us, we cannot determine the merits of this issue. We overrule Arreaga's second issue.

## Violation of Civil Service Rules

■ Likewise, Arreaga has waived his third issue. Arreaga argues that the trial court erred when it concluded that the Commission did not violate section 10.11 of its rules and regulations. Without the commission record being offered into evidence at trial, we cannot determine the merits of this issue. Because Arreaga has waived this issue on appeal, *see* Tex.R.App. P. 33.1, we overrule his third issue.

## Fees

In his final issue, Arreaga complains that the trial court should not have assessed one-half of the costs of preparing the commission record against him. With regard to employees of the sheriff's department, section 158.0371(c) provides that the Commission may require a party who appeals its decision to district court "to pay the cost of preparing the commission record in the same manner provided by [s]ection 158.0123." Tex. Loc. Gov't Code Ann. § 158.0371(c) (Vernon 1999). Section 158.0123 provides,

(a) The commission may require a party who appeals a final decision under Section 158.012 to pay one-half of the cost of preparation of the original or a certified copy of the record of the commission proceeding that is required to be sent to the reviewing court.

(b) A charge imposed under this section is a court cost and may be assessed by the court in accordance with the Texas Rules of Civil Procedure.

*Id.* § 158.0123. Arreaga argues that this section gives the Commission sole authority to assess the cost of the commission record against him. And, as the Commission did not assess the cost of the commission record against him, the trial court erred by later taxing the cost against him. We disagree.

■ Texas Rule of Civil Procedure 131 "requires the trial court to order that the winning party recover its costs from the losing party, allowing a trial court to order otherwise only 'for good cause, to be stated on the record.'" *Furr's Supermarkets, Inc. v. Bethune,* 53 S.W.3d 375, 376 (Tex. 2001) (quoting Tex.R. Civ. P. 131 & 141). Arreaga argues that section 158.0123 of the Texas Local Government Code conflicts with rule 131, because section 158.0123 only confers authority to assess costs to the Commission and not to the trial court. We disagree with Arreaga's interpretation and find no contradiction between section 158.0123 and rule 131. Section 158.0123 grants the Commission authority to assess one-half of the costs of preparing the record against the party appealing its decision. The legislature, thus, granted the Commission a power that it did not otherwise possess. The legislature, however, did not need to grant the trial court such authority, as it already possessed such power under rule 131. Subsection 158.0123(b) only clarifies that the charge permitted under subsection 158.0123(a) is a court cost. It does not strip the trial court of its power to award court costs to the winning party.

■ Arreaga also argues that appellees have waived court costs, because they failed to "raise the issue of costs" at trial. For support, Arreaga cites *Rivas v. Cantu,* 37 S.W.3d 101, 116 (Tex.App.-Corpus Christi 2000, pet. denied). In *Rivas,* the court of appeals held that while the defendant pled the affirmative defense of the

statute of frauds, it waived the affirmative defense on appeal by wholly failing to raise the issue at trial. *Id.* at 116–17. Court costs, however, are not an affirmative defense or a claim that must be affirmatively raised at trial. They are costs that the trial court is obligated to award the winning party, absent "good cause." *Furr's Supermarkets*, 53 S.W.3d at 376. We, therefore, overrule Arreaga's final issue.

### CONCLUSION

Having overruled all issues, we affirm the judgment of the trial court.