BEXAR COUNTY SHERIFF'S DE-PARTMENT, Sheriff Ralph Lopez, in his Official Capacity, and the Bexar County Sheriff's Civil Service Commission, Appellants,

v.

Gerald SANCHEZ, Appellee.

No. 04–02–00251–CV.

Court of Appeals of Texas, San Antonio.

Jan. 29, 2003.

Rehearing Overruled Feb. 26, 2003.

Leslie J.A. Sachanowicz, Asst. Dist. Atty., San Antonio, for appellants.

Timothy T. Stewart, Hao Le, Stewart & Le, P.L.L.C., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

### MEMORANDUM OPINION

Opinion by CATHERINE STONE, Justice.

Appellants, the Bexar County Sheriff's Department, Sheriff Ralph Lopez in his official capacity, and the Bexar County Sheriff's Civil Service Commission (collectively "Bexar County") ask this Court to reverse the judgment of the district court entered after an evidentiary hearing. The

district court's order overturned the Commission's decision to terminate Gerald Sanchez, a Deputy Sheriff with the Bexar County Sheriff's Department. Because Sanchez failed to introduce the record of the Commission's proceedings into evidence, we reverse the district court's judgment and render judgment in favor of Bexar County.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 1, 2000, the Bexar County Sheriff's Civil Service Commission upheld a decision by the Bexar County Sheriff's Department to terminate Sanchez based on allegations that he engaged in sexual misconduct with an inmate.[1] Sanchez appealed that decision by filing a petition in district court pursuant to TEX. LOC. GOV'T CODE ANN. § 158.0122 (Vernon 1999). He alleged that the Commission's decision was not supported by substantial evidence and that the Commission's procedures deprived him of due process. After an evidentiary hearing, the district court reversed the Commission's decision and rendered judgment reinstating Sanchez and denying Bexar County's motion for recovery of transcript costs. Bexar County appeals both of those issues.

### FAILURE TO INTRODUCE THE HEARING TRANSCRIPT

Under the Local Government Code, any employee who has been demoted, suspended, or removed by a final decision of the Commission may appeal that order to the district court. See TEX. LOC. GOV'T CODE ANN. §§ 158.012, 158.037 (Vernon 1999). The Local Government Code instructs the Commission to file its entire record with the clerk of the reviewing court. See TEX. LOC. GOV'T CODE ANN. § 158.0122(a) (Vernon 1999). However, as the party with the burden of production, "the party seeking judicial review shall offer . . . the commission record into evidence as an exhibit." TEX. LOC. GOV'T CODE ANN. § 158.0122(c) (Vernon 1999). The district court then reviews that record to determine whether the Commission's decision is supported by substantial evidence. Id.

■ In this case, Bexar County included a certified copy of the Commission's record in its motion for summary judgment. However, the Commission's record was never introduced into evidence. This court recently held that failure to introduce the Commission's record into evidence is a fatal flaw. See Arreaga v. Bexar County Sheriff's Dep't, 90 S.W.3d 899, 901 (Tex.App.-San Antonio 2002, no pet.). Sanchez, as the party with the burden of production, had the burden of providing the district court with a record to review. Id. Without the Commission's record, Sanchez could not overcome the presumption that the agency's order was valid, and the district court could not determine whether substantial evidence exists. Id. Therefore, the district court should have affirmed the Commission's decision.

Bexar County also challenges the evidence supporting the district court's decision. However, our disposition of the first issue renders Bexar County's substantial evidence challenge moot.

### ALLOCATION OF COSTS

In its final issue, Bexar County claims the district court abused its discretion by ordering the Commission to bear the entire cost of preparing the record and not ordering Sanchez to reimburse the Commission. The Local Government Code provides that "(t)he commission may require a party who appeals the decision

---

1. The Commission stated other grounds for Sanchez's termination, but those claims all relate to the allegations of sexual misconduct.

under § 158.012 to pay one-half the cost of preparation of the original or a certified copy of the record of the commission proceeding that is required to be sent to the reviewing court." TEX. LOC. GOV'T CODE ANN. § 158.0123(a) (Vernon 1997). The district court's decision to allocate costs is reviewed for an abuse of discretion. *See State v. Castle Hills Forest, Inc.*, 842 S.W.2d 370, 372 (Tex.App.-San Antonio 1992, writ denied).

Given our determination that Sanchez's failure to introduce the Commission's record before the district court precludes his challenge of the Commission's judgment, we believe the district court abused its discretion in failing to order Sanchez to pay one-half the costs of preparing the Commission's record. *Id.* Therefore, the Commission may recover $995.00 from Sanchez for his one-half of the cost of preparing the Commission's record.