Gerald SANCHEZ, Petitioner,

v.

BEXAR COUNTY SHERIFF'S DE-PARTMENT, Sheriff Ralph Lopez in his Official Capacity, and the Bexar County Sheriff's Civil Service Commission, Respondents.

No. 03–0336.

Supreme Court of Texas.

April 23, 2004.

Hao Pham Le, Stewart & Le, PLLC, Timothy T. Stewart, Stewart & McLane, PLLC, San Antonio, for petitioner.

Susan Dolan Reed, Criminal Dist. Atty., Leslie J.A. Sachanowicz, Asst. Criminal Dist. Atty., San Antonio, for respondents.

PER CURIAM.

The Texas Local Government Code provides that a party seeking judicial review in a district court of a county civil service commission decision "shall offer, and the reviewing court shall admit, the commission record into evidence as an exhibit." TEX. LOC. GOV'T CODE § 158.0122(c). The issue in this case is whether this provision precludes an appellate court from considering a commission's record that was relied on as evidence by the parties and the district court but was not formally admitted into evidence at the district court's review of a commission's decision. We hold that the court of appeals should have considered the Bexar County Sheriff's Civil Service Commission's record, and we remand this case to that court with instructions to file the record and consider the merits of Bexar County Sheriff's Department's appeal.

Gerald Sanchez, a deputy sheriff with the Department, was terminated from his position after a male inmate alleged that Sanchez forced him to engage in sexual activity.[1] On August 1, 2000, after a hear-

---

1. The Commission stated other grounds in the record for the dismissal, but all of them arise from the inmate's allegations of sexual misconduct.

ing, the Commission upheld, by a preponderance of the evidence, the decision of the Department to terminate Sanchez's employment. Sanchez filed an appeal to the district court on the grounds that the Commission's decision was not supported by substantial evidence and that the procedures adopted by the Commission deprived him of due process.

During the district court's review proceeding, Sanchez did not formally offer into evidence the record of the Commission's hearing. However, the Department had filed a certified copy of the record as an exhibit to its motion for summary judgment. In addition, the parties and the district court relied on the administrative record throughout the review proceeding. The district court reversed the Commission's decision and ordered the Department to reinstate Sanchez. The court of appeals reversed on the ground that Sanchez failed formally to introduce the record of the Commission's hearing into evidence at the district court's review proceeding. 131 S.W.3d 1. The court of appeals reasoned that without the Commission's record, Sanchez could not have carried his burden of proof to overcome the presumption that the Commission's order was valid, and the district court could not determine if substantial evidence existed in support of the Commission's decision. Sanchez petitioned this Court for review.

We have held that an administrative record that is not objected to and that the district court and the parties relied on as evidence is, for all practical purposes, admitted. *Tex. Health Enters., Inc. v. Tex. Dep't of Human Servs.*, 949 S.W.2d 313, 314 (Tex.1997) (per curiam). In *Texas Health Enterprises*, the Texas Department of Health (TDH) was sued in district court for judicial review of TDH's decision to terminate Texas Health Enterprise's Med-

icaid certification. *Id.* at 313. TDH filed the record of the administrative proceedings with the district court but failed to formally offer it into evidence at the review proceeding. *Id.* at 313–14. However, the parties relied on the record in their arguments, and the trial court based its decision on the record as required under the Administrative Procedures Act (APA). TEX. GOV'T CODE § 2001.175(e); *Tex. Health Enters.*, 949 S.W.2d at 314. This Court remanded the case with instructions to the court of appeals to file the record and consider the merits of the appeal because the administrative record was not objected to and the trial court and parties relied upon it. *Tex. Health Enters.*, 949 S.W.2d at 314.

Although *Texas Health Enterprises* involved the APA, the relevant language of the applicable provisions of the APA and the Local Government Code are identical. Both require that a party seeking judicial review of an agency's or a county civil service commission's decision "shall offer, and the reviewing court shall admit, the ... record into evidence as an exhibit." TEX. GOV'T CODE § 2001.175(d); TEX. LOC. GOV'T CODE § 158.0122(c). Thus, our holding in *Texas Health Enterprises* controls this case.

In the case before us, Sanchez failed formally to tender the record of the Commission's hearing to the district court as evidence. However, both parties and the district court relied on the record as admitted throughout the proceedings. In response to a direct query by the district court on whether it would hear any testimony during the proceedings, Sanchez's attorney stated that the parties would "be arguing ... from the transcript." When the court subsequently asked where the transcript was to be found in the file, the Department's counsel responded:

It's always in a different place. This is the transcript right here. I will be happy to make it available to the court. I don't think it's necessary. I prepared this little handout for the court.

The parties continued to refer to the Commission's record in their arguments to the court. At no time during the proceedings did the Department object to reliance on or discussion of the record.

The court of appeals relied on its prior holding in *Arreaga v. Bexar County Sheriff's Department*, 90 S.W.3d 899, 901 (Tex. App.-San Antonio 2002, no pet.), to conclude that Sanchez's failure to formally introduce the Commission's record constituted a fatal flaw in Sanchez's position on appeal. 131 S.W.3d at 2. The court reasoned that, by not formally submitting the record into evidence, Sanchez could not meet his evidentiary burden to overcome the presumption that the Commission's decision was valid, and the district court could not determine whether the Commission's decision was based on substantial evidence. 131 S.W.3d at 2. However, in *Arreaga*, unlike the instant case, there was no allegation that the Commission's record had been constructively admitted into evidence by the trial court. Therefore, the court of appeals' reliance on *Arreaga* is misplaced.

Accordingly, under Texas Rule of Appellate Procedure 59.1, we grant Sanchez's petition for review, and, without hearing oral argument, we reverse the court of appeals' judgment and remand this cause to that court with instructions that it file the Commission's record and consider the merits of the Department's appeal.