**Affirmed and Memorandum Opinion filed August 30, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00304-CV

---

### MICHAEL WOYCHESIN, Appellant,

### V.

### HARRIS COUNTY SHERIFF'S CIVIL SERVICE COMMISSION, Appellee.

---

**On Appeal from the 269th District Court**
**Harris County**
**Trial Court Cause No. 2009-77354**

---

## MEMORANDUM OPINION

The appellant, Michael Woychesin, claims that he should be reinstated as a deputy in the Harris County Sheriff's Office because the sheriff did not hold a hearing within ten days of receiving notice of Woychesin's appeal of his termination, as required by the Harris County Sheriff's Civil Service Commission Regulations. We affirm.

I

Woychesin's employment by the Harris County Sheriff's Office was terminated on December 16, 2008. He timely appealed his termination to the appellee, Harris County Sheriff's Civil Service Commission. At that time, Rule 12.04(b) of the Harris County Sheriff's Civil Service Commission Regulations[1] provided: "Upon receipt of that written notice of appeal the Sheriff has ten (10) days to conduct any further investigation or to hold any hearings relative to the appeal and to make his decision known, in writing to the employee." Despite this rule, the sheriff's commission did not hold this hearing until April 30, 2009—about four and a half months after Woychesin was terminated. In the interim, Sheriff Adrian Garcia replaced Sheriff Tommy Thomas. During the hearing, Woychesin raised a procedural objection to untimeliness of the hearing, and he argued that his termination should be overturned because of the sheriff's noncompliance with Rule 12.04(b). The commission denied that motion and upheld Woychesin's termination, noting that Rule 12.04(b) did not require strict compliance and the ten-day period had been extended regularly in the past. The commission also noted the unusual circumstances and inherent delays surrounding a new sheriff taking office.

Woychesin appealed to the district court, arguing that the commission exceeded its jurisdiction in concluding that Rule 12.04(b) was not mandatory. Both parties moved for summary judgment. The district court granted the commission's motion and denied Woychesin's without specifying its grounds for doing so. This appeal followed.

II

Summary judgments are reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Tenaska Frontier Partners, Ltd. v. Sullivan*, 273 S.W.3d 734, 736 (Tex. App.—Houston [14th Dist.] 2008, no pet.). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubt in the nonmovant's favor. *Valence Operating*

---

[1] The rule has apparently been amended since that time, but the changes do not affect this appeal.

*Co.*, 164 S.W.3d at 661. When, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, we will review all summary-judgment evidence and determine all questions presented. *See id.* If we find that the trial court erred, we will render the judgment the trial court should have rendered. *Id.* Here, the trial court did not state its specific grounds for granting summary judgment in favor of the commission. We may therefore affirm the trial court's ruling if any of the theories presented in the motion for summary judgment is meritorious. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000).

A decision by a civil-service commission is subject to the substantial-evidence rule. Tex. Local Gov't Code § 158.037; *Bexar Cnty. Civil Serv. Comm'n v. Casals*, 63 S.W.3d 57, 59 (Tex. App.—San Antonio 2001, no pet.). However, Woychesin plainly states in his brief, "The facts were never the real issue." Instead, he claims the commission had no authority to interpret Rule 12.04 as directory rather than mandatory, and he asks this court to use section 158.0121(2) of the Texas Local Government Code to reverse the commission's judgment upholding his termination. That section of the code mandates that a reviewing court:

> shall reverse or remand the case for further proceedings if substantial rights of the petitioner have been prejudiced because the commission's findings, inferences, conclusions, or decisions are:
>
> (A) in violation of a constitutional or statutory provision;
> (B) in excess of the commission's authority;
> (C) made through unlawful procedure;
> (D) affected by other error of law;
> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
> (F) arbitrary or capricious, characterized by an abuse of discretion, or clearly an unwarranted exercise of discretion.

Tex. Local Gov't Code § 158.0121(2).

A court shall reverse or remand a case for further proceedings under this section if (1) the commission committed one of the errors listed in section 158.0121; (2) a

substantial right of the petitioner was implicated; and (3) that right was prejudiced by the error. *Casals*, 63 S.W.3d at 60; *see also Parks v. Harris Cnty. Civil Serv. Comm'n*, 225 S.W.3d 246, 258 (Tex. App.—El Paso 2006, no pet.). Because we conclude that the trial court did not err, we address only the first of these factors.

Woychesin contends that the commission exceeded its authority when it interpreted Rule 12.04(b) as non-mandatory, but he fails to explain how this interpretation exceeds the commission's authority, and the sole case he relies on is distinguishable. In *Casals*, a former deputy appealed his termination to a civil-service commission and listed as a witness the constable who terminated him. *Id.* at 58. The commission sent notice of the hearing to the constable, informing him that his presence was "most imperative" and that, if he were unable to attend, he "must submit a written request for postponement . . . no later than one week prior to the hearing." *Id.* The commission further warned the constable that his failure to appear at the hearing would nullify the former deputy's termination. *Id.* The constable neither appeared nor provided notice of his reasons for failing to appear, and the former deputy immediately objected to proceeding any further. *Id.* at 58–59. He argued that his termination was forfeited under the commission's rules. *Id.* at 59. The relevant rule provided, in full:

> The Commission, through its Director, shall notify the Elected Official/Department Head of the hearing date, time, or place. If the Elected Official/Department Head does not attend the hearing or does not notify the Commission ahead of time of the Elected Official's/Department Head's inability to attend, the failure to attend will be considered the Elected Official's/Department Head's forfeiture of the Adverse Action. The Commission will convene and enter an order stating the Elected Official's/Department Head's failure to attend and that the Commission has deemed that the Elected Official/Department Head has forfeited the Adverse Action and that all the facts alleged in the Adverse Action Notice are untrue.

*Id.*

The former deputy further complained that the constable's failure to appear deprived him of his right to cross-examine his accuser. *See id.* The commission nonetheless continued with the hearing and eventually suspended the former deputy without pay. *Id.* The former deputy appealed, raising a single issue: the commission failed to follow its own rules. *Id.* The trial court reversed the suspension. *Id.* The court of appeals upheld that reversal under section 158.0121, reasoning that (1) the former deputy's right to have the adverse action forfeited and all facts alleged against him deemed untrue was a substantial right and (2) the commission's decision to proceed contrary to its own rules prejudiced that right. *Id.* at 61–62.

Unlike the rule at issue in *Casals*, Rule 12.04(b) does not provide a consequence for the sheriff's failure to comply with the ten-day deadline. Further, Rule 12.04 uses neither "shall" nor "must" to describe the Sheriff's responsibility; either word would indicate that the rule was mandatory. *See* Tex. Gov't Code § 311.016(2)–(3). Though the absence of those words is not dispositive, it is helpful in determining a rule is not mandatory. *See Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 309–10 (Tex. 1976) (concluding that a statute directing a loan officer to dispose of applications within 45 days was not mandatory, despite the use of the word "shall"). The crux of this analysis is always the intent of those who implemented the rule. *Id.* If the rule was created "for the purpose of promoting the proper, orderly, and prompt conduct of business," it is unlikely to be mandatory. *Id.* Likewise, a rule is unlikely to be mandatory if it does not prohibit action after a stated deadline or provide penalties for untimely action. *Id.* at 311.

Rule 12.04(b) directs an event to occur within a ten-day time period, but it does not prohibit the sheriff from acting after the close of that ten-day period. Nor does it provide penalties for the sheriff's failure to act within that period. The commission noted this below and indicated that the ten-day timeframe had been regularly extended in the past. Woychesin did eventually receive a hearing, and other than that hearing's untimeliness, he alleges no error in that hearing. We conclude that the commission did

5

not commit any of the errors listed in section 158.0121, and therefore, the district court was correct in upholding the commission's ruling. *See Casals*, 63 S.W.3d at 60.

* * *

For the foregoing reasons, we affirm the judgment of the trial court.

/s/     Jeffrey V. Brown
          Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.