**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00257-CR**
_____

**LARRY DAVID KIMBALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 11-11294**

**MEMORANDUM OPINION**

In this appeal we consider whether the trial court erred by including a fine in its judgment when the trial court did not pronounce it when sentencing the defendant. In three issues, Larry David Kimball argues the trial court abused its discretion by including a $500 fine in the written judgment when the trial court, after setting aside its deferred adjudication order, failed to include a fine when orally pronouncing Kimball's sentence. Relying on *Taylor v. State*, 131 S.W.3d

497, 502 (Tex. Crim. App. 2004), Kimball argues that since the trial court failed to orally pronounce a fine, we are required to delete the fine from the trial court's judgment. The State concedes error, and "recommends modification of the Judgment to reduce the administrative fees calculation by subtracting five hundred ($500.00) dollars" from the administrative fees calculation.

The trial court pronounced Kimball's sentence at the conclusion of the hearing on the State's request that the trial court revoke its deferred adjudication order. After revoking its deferred adjudication order, the trial court sentenced Kimball to eighteen months in state jail; however, the transcript of the hearing reflects that it did not pronounce a fine.

The first page of the judgment rendered in Kimball's case reflects that the trial court sentenced Kimball to serve eighteen months in state jail and assessed $1,590.00 in administrative fees, $631.00 in court costs, and $1,315.88 for restitution. The first page of the written judgment does not reveal that Kimball was being fined. Based on additional information in the clerk's record, it appears, however, that the $500 fine that Kimball complains about on appeal is a part of the $1,590.00 in administrative fees assessed on the first page of the judgment.

Because the trial court did not pronounce a fine at the revocation and sentencing hearing, the fine should not have been included in the final judgment.

*Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls."). Because the trial court did not orally assess a fine as part of Kimball's sentence when adjudicating his guilt, the fine must be deleted from the judgment. *See Taylor*, 131 S.W.3d at 502.

We sustain Kimball's first issue; we modify the written judgment to decrease the amount of the administrative fees to the sum of $1,090.00. We need not reach Kimball's other issues because resolving them would not result in any greater relief. *See* Tex. R. App. P. 47.1. As modified, the trial court's judgment is affirmed.

AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on June 7, 2013
Opinion Delivered July 10, 2013
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.

3