

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00009-CV

JOHN ROBERT JOHNSON, JR., AND T&J HAULING CO., INC., Appellants

V.

BOBBY WEST, ET AL., Appellees

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 12C1099-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

John Robert Johnson, Jr., and T&J Hauling Co., Inc., (collectively "Johnson") appeal from the pretrial dismissal of their lawsuit against Bobby West and West Towing Service (collectively "West").[1] The petition states that, after Johnson was involved in an accident, West was called to remove his truck and charged Johnson more to tow his truck and trailer than was permissible.[2] Johnson seeks damages arising from alleged fraud in the amount of $1,375.00. West's answer interposed defenses of res judicata and limitations. We reverse the dismissal and remand this matter to the trial court for further proceedings, because this pretrial dismissal of the case was improper.

Johnson appeared pro se in the court below, and both Johnson and West are pro se in this appeal. It appears that Johnson filed suit against West twice in justice court and was twice dismissed. Both justice-court dismissals were expressly made "without prejudice." Rather than appealing either such dismissal, Johnson filed a new lawsuit in district court based on claimed fraud. The trial court held at least one pretrial hearing. On August 21, 2013, with only pretrial having occurred, the trial court dismissed Johnson's lawsuit without giving a reason.

---

[1]West suggests that, because Johnson's notice of appeal was filed late, the appeal should be dismissed. However, a document that is effectively a motion for new trial was timely filed, and a document entitled "Motion for Appeal" was filed September 24, 2013. Although inartful, it does in part ask for a review and a new trial and is timely if treated as a notice of appeal. We treat it as a notice of appeal and therefore accept jurisdiction over this appeal.

[2]West towed a forty-five-foot tractor-trailer rig owned by Johnson. Johnson claims West damaged the rig during the tow and that West neither repaired nor paid for the repair of the damage. Johnson also claims that certain charges included on West's invoice were inappropriate and in violation of Texas law and attempts to support his allegations of inappropriate charges with findings from an investigation conducted by the Texas Department of Licensing and Regulation, which allegedly resulted in imposition of fines against West and was finally concluded by a settlement between West and the Department.

2

West was represented by counsel at the hearing, and it is apparent that both counsel and the trial court were attempting to parse out the nature of the case and determine how to deal with it. During the discussion, Johnson stated that he had intentionally altered his claims; thus, the claims raised in the district court were entirely different from those that he had raised in the justice court. The entirety of the discussion focused on the application of res judicata argued by West's counsel, and after reviewing the petitions filed in justice court and the judgments, the trial judge stated that he would talk to the justice of the peace to see if he could determine why the causes were dismissed.

Although the justice court petitions and judgments were not formally introduced into evidence, they were specifically provided to the trial judge on the bench by defense counsel and were examined and discussed by him at length.[3] The discussion between counsel and the judge was sufficiently precise to provide this Court with the critical information contained in each document.[4]

Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in a prior action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). To establish that res judicata bars a plaintiff's claims, the defendant must establish that (a) there is a prior final

---

[3]Not only were the documents treated as evidence at pretrial, but copies of those documents have been provided as attachments to Johnson's appellate brief. There has been no suggestion or argument made that they are not accurate and complete reproductions of those documents.

[4]When a document is clearly considered as evidence by the trial court, if the parties treated the evidence as having been admitted, the appellate courts will treat it as such despite the lack of formal admission into evidence. *Sanchez v. Bexar Co. Sheriff's Dep't*, 134 S.W.3d 202, 203–04 (Tex. 2004); *In re A.G.C.*, 279 S.W.3d 441, 450 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

judgment on the merits by a court of competent jurisdiction, (b) the party currently asserting a claim also was a party to the prior action or was in privity with a party to the prior action, and (c) the current claims were raised, or could have been raised, in the prior action. *Joachim*, 315 S.W.3d at 862; *Igal*, 250 S.W.3d at 86.

However, when a lawsuit is dismissed without prejudice to refiling, for res judicata purposes, it is by definition not a final judgment on the merits that would prevent the suit from being refiled. *Christensen v. Chase Bank U.S.A., N.A.*, 304 S.W.3d 548, 553–54 (Tex. App.—Dallas 2009, pet. denied). By the very language used by the justice court in twice dismissing the lawsuit without prejudice, application of the theory of res judicata is foreclosed. The trial court therefore erred by dismissing the lawsuit.[5]

We reverse the judgment and remand to the trial court for further proceedings.


Josh R. Morriss, III
Chief Justice


Date Submitted:     May 27, 2014
Date Decided:       June 13, 2014

---

[5]It should be noted that the record contains no evidence tending to establish a limitations defense and that, at pretrial, the only defense that was argued with any substance was res judicata.