# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00537-CV

**Miriam Bridges, Appellant**

**v.**

**Federal Home Loan Mortgage Corporation, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 12-0660-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Miriam Bridges appeals a trial-court judgment in a forcible-detainer suit awarding Federal Home Loan Mortgage Corporation (FHLMC) possession of residential real property in Williamson County (the Property). In two issues, Bridges challenges the sufficiency of the evidence supporting the judgment. Specifically, Bridges contends that FHLMC did not introduce evidence proving its superior right to possession of the property. We will affirm.

After Bridges defaulted on her home loan, FHLMC purchased the Property at a foreclosure sale. FHLMC filed a forcible-detainer action in justice court seeking possession of the Property. The justice court rendered a take-nothing judgment against FHLMC. FHLMC appealed the judgment to the county court at law for a trial de novo. The case was called for trial on June 12, 2012. At trial FHLMC offered, and the court admitted into evidence without objection, certified copies of Bridges's deed of trust, a substitute trustee's deed granting the Property to

FHLMC following foreclosure, and the notice sent by counsel for FHLMC to Bridges, who continued occupying the Property.[1] The substitute trustee's deed reflected that FHLMC purchased the property after Bridges defaulted under the terms of the deed of trust. The deed of trust established that Bridges became a tenant at sufferance when she failed to surrender and deliver the Property to the purchaser, FHLMC, after the nonjudicial foreclosure sale. The notice sent by FHLMC to Bridges informed her that her tenancy was being terminated and that she was required

---

[1] On May 25, 2012, before trial commenced on June 12, FHLMC filed with the district court a notice of intention to introduce at trial a "business records affidavit" authenticating the notice letter sent to Bridges by counsel for FHLMC. The notice letter and mailing envelopes were attached to the affidavit that was filed with the court. At trial, FHLMC offered the business-records affidavit as Plaintiff's Exhibit 1. The following exchange took place:

Counsel for FHLMC: I would like to introduce what has been on file with the Court[—]the Business Records Affidavit, which will be marked Plaintiff's Exhibit 1. The Business Records Affidavit, Your Honor, which contains the three-day notice letter which was sent certified and regular mail to the property address. I think it was—it's been on file since May the 25th.

Counsel for Bridges: No objection, Your Honor.

The Court: Be so admitted.

Exhibit 1 as contained in the reporter's record includes the business-records affidavit, but the four pages of business records referred to in the affidavit—the notice letter and envelopes showing delivery by certified and regular mail—were not attached to the copy of the exhibit FHLMC apparently handed to the court reporter during the trial. However, both parties and the district court were aware that the referenced business records included the notice letter that had been on file with the court since May 25, 2012, the court intended to admit those records, the parties believed the records had been admitted without objection, and the court treated the notice letter as admitted throughout the proceedings. In addition, the notice letter is part of the appellate record. We hold that, based on these facts, the four pages of referenced business records, including the notice letter, were constructively admitted as an exhibit during the June 12, 2012 trial. *See Sanchez v. Bexar Cnty. Sheriff's Dep't*, 134 S.W.3d 202, 203-04 (Tex. 2004); *Killian v. State*, 503 S.W.2d 765, 766 (Tex. Crim. App. 1973).

to vacate the Property. This evidence was sufficient to establish that FHLMC had a superior right to immediate possession of the Property. *See Reardean v. Federal Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *2 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.); *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd); *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.).

Rather than render a judgment on the merits at that time, however, the trial court abated the proceedings at Bridges's request based on her showing that she had instituted a proceeding in district court challenging the validity of the foreclosure. The trial court ordered the case abated until resolution of that suit. In May 2013, FHLMC filed a motion to dissolve the abatement order on the ground that Bridges's proceeding challenging the foreclosure, which had been removed to federal district court, had been dismissed in September 2012. The abatement was dissolved, and trial recommenced on June 25, 2013. At that time, counsel for FHLMC stated that FHLMC was relying on the previously admitted exhibits to demonstrate superior right to possession of the Property. Thereafter, the trial court rendered a final judgment awarding possession of the Property to FHLMC.

On appeal, Bridges argues that FHLMC did not introduce into evidence the instruments necessary to show that a landlord-tenant relationship arose between it and Bridges when she defaulted on the note, which was the basis for its claim to a superior right to possession of the Property. Specifically, Bridges asserts that, although FHLMC referred to the deed of trust and the substitute trustee's deed at the June 25, 2013 hearing, it did not then seek to have them admitted into

3

evidence. But the trial court had already admitted those documents into evidence, without objection, at the June 12, 2012 trial on the merits conducted prior to the abatement. Thus, both the deed of trust and the substitute trustee's deed were in evidence. Bridges asserts that these documents do not appear in the clerk's record or the reporter's record she filed with this Court in connection with this appeal. But Bridges only requested that the reporter's record from the June 25, 2013 hearing be made part of the appellate record. After Bridges filed her brief, FHLMC supplemented the appellate record to include the reporter's record from the June 12, 2012 hearing on the merits reflecting the trial court's admission of the deed of trust and the substitute trustee's deed into evidence and including an exhibit volume with the referenced exhibits. Thus, the record contains evidence sufficient to demonstrate FHLMC's superior right to possession of the Property. We overrule Bridges's two appellate issues.

## CONCLUSION

Having overruled Bridges's two appellate issues, we affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   August 29, 2014

4