**AFFIRM; and Opinion Filed May 11, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00024-CV

**SCOTTIE PARKS, Appellant**
**V.**
**INVESTMENT RETRIEVERS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-12-06081-E**

## MEMORANDUM OPINION

Before Justices Brown, Stoddart, and Whitehill
Opinion by Justice Brown

Appellant Scottie Parks appeals a judgment in favor of appellee Investment Retrievers, Inc. on in its suit alleging claims for breach of contract, account stated, and open account. In a single issue, Parks asserts the trial court erred in granting judgment in favor of Investment Retrievers because there was no admissible evidence before the trial court supporting its claim. For the following reasons, we affirm the trial court's judgment.

Investment Retrievers sued Parks to recover on an assigned credit card debt. Over a year before trial, Investment Retrievers filed a business records affidavit with attached business records with the trial court clerk. TEX. R. EVID. 902(10). At trial, to prove its claims, Investment Retrievers relied on the business records, which were authenticated by the affidavit, and requested the trial court to take judicial notice of those documents. *See id.* Parks objected that the records were "inadmissible hearsay" because the business records affidavit was made by a

"third party." The trial court did not expressly rule on the objection, but responded that Parks's complaint went to the weight, not the admissibility, of the evidence. Parks did not offer any controverting evidence. The trial court rendered judgment in favor of Investment Retrievers.

In a single issue on appeal, Parks asserts there is no evidence to support the trial court's judgment because Investment Retrievers called no witnesses and did not present a business records affidavit. In a "Note to the Court," Parks's appellate counsel states he was not the trial counsel, but concluded that it appeared the case was "tried on the mistaken belief that a business records affidavit had been filed with the trial court." He based this conclusion on the absence of a business records affidavit in the clerk's record.

Because our review of the record showed a business records affidavit had been filed, we requested the trial court clerk to file a supplemental record containing the omitted affidavit and attached records. *See* TEX. R. APP. P. 34.5(c)(1). The trial court clerk promptly complied with our request and filed a supplemental record showing Investment Retrievers timely filed the business records affidavit and attached records. The supplemental record also shows Investment Retrievers timely served Parks with its "Notice of Filing Business Records Affidavit."

Shortly after the supplemental record was filed, and on the day before this case was submitted, Parks filed a "motion for extension of time to file supplemental brief." In it, Parks asserts he briefed his appeal based on the lack of a business records affidavit in the "trial record." He requested to file a "supplemental brief" because we had just recently "accepted and filed" the supplemental transcript and, therefore, the complete record was "not available" to him when he filed his brief.[1]

---

[1] Although not required, we requested the supplemental transcript so that we would have a complete record of the relevant trial court proceedings before us. Had we not done so, we would be required to assume the missing affidavit supported the trial court's judgment. *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 550 (Tex. 2004); *Crown Asset Mgmt., LLC v. Castro*, No. 05-07-01305-CV, 2008 WL 3272169, *2 (Tex. App.—Dallas Aug. 11, 2008, no pet.).

The burden is on the appellant to present a sufficient record to show error requiring reversal. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Palla v. Bio-One, Inc.*, 424 S.W.3d 722, 727 (Tex. App.—Dallas 2014, no pet). The appellate rules require the trial court clerk to include certain documents in the clerk's record, but if a party needs additional items to be included in the record, it must specifically identify those items in a request to the clerk. *See* TEX. R. APP. P. 34.5(b); *Resurgence Fin., LLC v. Moseley*, No. 05-07-01225-CV, 2009 WL 92444, * 1 (Tex. App.—Dallas Jan. 15, 2009, no pet.); *see also Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 550 (Tex. 2004). Here, it was Parks's burden to determine whether a business records affidavit had been filed and to request it be included in the appellate record. *See* TEX. R. APP. 34.6(b),(c)(1). He did not do so even though both the trial court's docket sheet as well as statements made by the trial judge and both parties showed an affidavit had been filed. Consequently, we deny Parks's request to file a supplemental brief.

Because Parks's sufficiency complaint is premised on the lack of an affidavit on file, we conclude it is without merit. To the extent Parks also complains the affidavit and attached records were not formally admitted into evidence, we note he did not make that complaint in the trial court. It is settled that evidence treated by the trial court and the parties as if it had been admitted is, for all practical purposes, admitted. *See Sanchez v. Bexar County Sheriff's Dep't*, 134 S.W.3d 202, 203–04 (Tex. 2004) (per curiam); *Tex. Health Enters., Inc. v. Tex. Dep't of Human Servs.*, 949 S.W.2d 313, 314 (Tex. 1997) (per curiam); *Travelers Indem. Co. of R.I. v. Starkey*, 157 S.W.3d 899, 904 (Tex. App.—Dallas 2005, pet. denied).

Finally, we note that in the "Summary of Argument" of his brief, Parks complains Investment Retrievers failed to prove a "chain of title" to the debt or show its legal right to recover on the debt. Parks did not then provide any further briefing to support this contention. Bare assertions of error without argument, supporting authority, or citations to the record present

nothing for us to review.[2]  *See* TEX. R. APP. P. 38.1(g),(i); *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.).  We resolve the sole issue against Parks and affirm the trial court's judgment.


/Ada Brown/
ADA BROWN
JUSTICE


140024F.P05

---

[2] We also note that on May 2, 2014, we sent Parks a deficient brief notice informing him that his brief did not comply with rule 38 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 38.1.  Amongst other things, we informed Parks his brief did not contain a concise statement of facts supported by citations to the record.  *See* TEX. R. APP. P. 38.1(g).  We cautioned Parks that his failure to file an amended brief in compliance with the rules within ten days of our letter could result in dismissal of his appeal without further notice.  Parks did not file an amended brief or otherwise respond to our deficient brief notice.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SCOTTIE PARKS, Appellant

No. 05-14-00024-CV       V.

INVESTMENT RETRIEVERS, Inc.,
Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-12-06081-E.
Opinion delivered by Justice Brown. Justices
Stoddart and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee INVESTMENT RETRIEVERS, Inc. recover its costs of this appeal from appellant SCOTTIE PARKS.

Judgment entered this 11th day of May, 2015.