*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-11-00553-CV

Carlos **SANTIAGO**,
Appellant

v.

**BEXAR COUNTY, TEXAS**
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-09517
Honorable Peter Sakai, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  August 31, 2012

AFFIRMED

Carlos Santiago appeals the trial court's judgment affirming the Bexar County Sheriff's

Civil Service Commission's ("Commission") decision to uphold his termination. We affirm the

judgment of the trial court.

## BACKGROUND

Santiago, a captain with the Bexar County Sheriff's Department, was served with a

Notice of Proposed Dismissal on March 8, 2004. He was charged with violating paragraph 9.02

of the Rules for the Bexar County Sheriff's Civil Service Commission ("Rules") for dishonesty, poor job performance, and conduct detrimental to or having an adverse effect on the Sheriff's Office. He was also charged with violations of the Bexar County Sheriff's Office Manual of Policy and Procedure ("Policies"), paragraphs 2.09 Ethics, 5.32 Untruthfulness, 5.44 Misappropriation of County Property and Equipment, 5.52 Violation of Laws, 5.30 Conduct unbecoming an Officer, 5.42 Use of Communication Facilities, and 6.06 On-Duty Activities.

On May 21, 2004, Santiago was served with an Order of Dismissal that informed him he was being dismissed from the position of Detention Captain for violations of the above rules and policies. The order stated the specific reasons for his dismissal were two separate occasions when Santiago "failed to maintain the proper standards of a Bexar County Sheriff's Captain and Supervisor by violating Civil Service Rules and Regulations and [sic] well as Bexar County Sheriff's Policy and Procedure." The order stated he violated the Rules and Policies by using county-owned property for his personal use and benefit and by falsifying records regarding accruing time for non-county work. Santiago appealed to the Commission.

The Commission held a hearing, during which six witnesses testified. The Commission upheld the Sheriff's decision to dismiss Santiago and he appealed the decision to district court. The parties agreed to a trial date and to a deadline for submitting briefs. After hearing argument and reviewing the briefs and Commission record that was submitted by agreement, the trial court rendered judgment for Bexar County. Santiago appeals.

## SUBSTANTIAL EVIDENCE RULE

A decision by a civil service commission may be appealed under the "substantial evidence rule." TEX. LOC. GOV'T CODE ANN. § 158.037(b) (West 2008). "Under this standard, the petitioner has the burden to show that the commission's decision was not based on

substantial evidence." *Arreaga v. Bexar Cnty. Sheriff's Dep't*, 90 S.W.3d 899, 901 (Tex. App.—San Antonio 2002, no pet.). "Substantial evidence is more than a mere scintilla, but less than a preponderance of the evidence." *Id.* "Thus, the evidence supporting the Commission's order may preponderate against the commission's decision and still amount to substantial evidence." *Id.* "The reviewing court, whether the district court or the court of appeals, may not set aside the Commission's decision because it would reach a different conclusion; it may only reverse if that decision was made without regard to the facts or the law and as such, was unreasonable, arbitrary, or capricious." *Id.*

We presume the findings and conclusions of an administrative body are supported by substantial evidence, and the party challenging the findings has the burden to show that there is a lack of substantial evidence. *City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 185 (Tex. 1994). Whether there is substantial evidence to support the commission's decision is a question of law. *Tex. Dept. of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006).

## DISCUSSION

Santiago's issues are premised on the contention that the disciplinary action against him was barred by Civil Service Rule 9.18, which provides:

> No disciplinary action for non-criminal activity shall be initiated against an employee for an act or conduct which occurred more than 90 days prior to the service of the "Notice of Proposed Disciplinary Action" or written reprimand upon the employee, unless shown in the investigation of non-criminal activity that is deemed to warrant disciplinary action, that non-criminal conduct was actively concealed.

Rules of Bexar County Sheriff's Civil Service Commission 9.18 (Adopted 7-16-96; Effective 7-30-96). Santiago contends that the trial court erred in affirming the Commission's decision because either the improper acts alleged to have occurred within the ninety-day period were not

proven or because the acts shown to have been committed outside the ninety-day period were not criminal or concealed.

Santiago was served with notice of his proposed dismissal on March 8, 2004, making December 8, 2003, the date the ninety-day limitation period under rule 9.18 began. The order dismissing Santiago stated he violated the Commission's rules and the Sheriff's Office policies by using county-owned property for personal use and benefit and by falsifying records by accruing time for non-county work on two dates. The Order of Dismissal stated:

> On December 22, 2003, at approximately 9:19 A.M., which is after your shift. [sic] It was discovered that you not only completed non-County work on County owned computers but you also accrued overtime. On the above date you created and/or updated a File on a Bexar County Sheriff's Office computer. This File contained the name of the business and schedules of off duty officers working from December 15, 2003 through December 21, 2003. Also on this date, on the *Attendance Record* for Third Detail Annex from December 21, 2003 through December 22, 2003 you accrued One (1) hour of COMP Time. Your shift begins at 10:45 P.M. ends at 7:15 A.M.
>
> Then, on January 3, 2004, at approximately 1:11 A.M. in the early morning hours you again utilized a County Computer during working hours when you were in charge of maintaining an entire shift which includes staff as well as inmates as the on duty administrator/shift commander for third detail annex. You utilized County time to create and/or update the scheduling of officers for your off-duty business from December 29, 2003, through January 4, 2004.

Lieutenant Harold Green, a lieutenant in the Internal Affairs Division of the Bexar County Sheriff's Office, testified at the Commission hearing. He testified he received a complaint that Santiago was conducting private business affairs at the Bexar County Sherriff's office during his duty hours, and that he was using county equipment to conduct this private business. Lieutenant Green prepared interrogatory questions regarding the allegations and gave them to Santiago. Santiago answered the interrogatories, admitting he was employed by or had a vested interest in a company named Lender Protective Services ("Lender").

In the interrogatory answers, Santiago admitted he used county-owned computers to update schedules and used the fax machine to contact officers or send a copy of schedules. He also identified seventy-one Sheriff's employees that were employed by Lender. Lieutenant Green contacted the county computer manager and asked him to research the detention shift commander's computer to ascertain whether there was anything on the computer that would corroborate that it was being used to communicate with Lender or develop Lender schedules. Lieutenant Green testified he received an e-mail from the computer manager with several attachments that demonstrated the computer contained Lender scheduling information. Schedules containing the duty or work assignments for Lender personnel for the weeks of December 15 through 21, 2003 and December 29, 2003 through January 4, 2004, were found on the detention shift commander's computer. Lieutenant Green's internal affairs report stated:

> Additionally identified on this computer information was the heading of "Directory of H:/news/shu4/Profiles/csanantiago Desktop/My Folder."
>
> "12/22/03 09:19 AM 74.752 LNDR SCHD December 15 – 21, 2003.xls"
>
> "01/03/04 01:11 AM 72,704 LNDR SCHD December 29-Jan 4, 2003.xls"

Lieutenant Green testified that at 9:19 a.m. on December 22, 2003, when Santiago accessed the Lender schedule on the county computer, Santiago's shift had ended, yet Santiago reported accruing compensatory time for that shift. Lieutenant Green testified that at the same time Santiago was accruing compensatory time he was also using the county computer to work for Lender. Lieutenant Green also testified that the attendance records demonstrated that Santiago used two hours of compensatory time on January 3, 2004, which was the same time the computer information showed he was working on Lender schedules. Lieutenant Green stated it is improper to conduct personal business on a county computer even when off-duty.

Lieutenant Green testified that after reviewing the computer files and the interrogatory answers, he concluded Santiago was conducting business for his part-time job from within the confines of the detention annex and that Santiago had used a county-owned computer and telecommunication equipment in connection with his work for Lender. He testified this conduct violated numerous sections of the Sheriff's policies and procedures and Commission rules.

Several other witnesses testified that Santiago regularly worked on matters for Lender while on-duty. Officer Davis, a fifteen year veteran with the Sheriff's office, testified that two or three times a week in 2002 and 2003, he worked the first detail main jail shift at the Commander's Office when Santiago was the Shift Commander. Officer Davis testified he saw Lender schedules being sent out and coming in on the county fax machine. He stated that incoming faxes would be given to either Santiago or Lieutenant Garcia.

Colonel Griffin testified that from about 2001 to April 2002, he worked for Santiago as his third in command. Colonel Griffin testified that three or four times a week he saw faxes come in for Santiago from Lender. Colonel Griffin also stated he observed Santiago working between three and four hours a day on matters related to Lender.

Santiago testified at the Commission hearing that he began working for Lender in 1998. Santiago testified that at the time he was dismissed from the Sheriff's Office he was paid $300.00 a week by Lender. His work entailed scheduling and being available as an emergency backup if other Lender employees were unavailable. Santiago was employed by Lender during the ninety-day period prior to his receiving the notice of proposed dismissal. Santiago admitted in his written interrogatory responses prepared in February 2004, that he had used county-owned property while conducting Lender business. Santiago admitted that two Lender work schedules found on the county computer were schedules he worked on for Lender. Santiago denied he ever

faxed any Lender documents, but admitted he would receive Lender documents on the county fax machine. Santiago stated that the officers who testified he worked three or four hours a day on Lender documents were lying. Santiago admitted that on December 22, 2003 and January 3, 2004, he inserted a floppy disk into the county computer and reviewed Lender schedules for the weeks preceding those dates. He denied he updated or created any schedules on those dates, stating he only "looked" at them. Santiago testified he created the Lender schedules at home and saved them to a floppy disk. He claimed that he did not save the material from the disks to the computer hard drive; rather, he claimed he must have left the disks in the computer and someone else saved the information on the county's computer.

Santiago argues the disciplinary action against him was barred by the ninety-day statute of limitation period in rule 9.18 because the acts alleged in the notice of dismissal were not proven. "The resolution of factual conflicts and ambiguities is the province of the administrative body, and the aim of the substantial evidence rule is to protect that function. *Dallas Cnty. Civil Serv. Comm'n v. Warren*, 988 S.W.2d 864, 869 (Tex. App.—San Antonio 1999, no pet.). Santiago's burden in the trial court was to demonstrate the Commissioner's order was not supported by substantial evidence. *See id.* Likewise, in our review, we cannot substitute our judgment for that of the Commission. *Arreaga*, 90 S.W.3d at 901. After reviewing the record, we cannot find that the Commission's decision was made without regard to the facts or the law and do not find it was unreasonable, arbitrary, or capricious. Based on the evidence presented, the Commission could determine that Santiago violated its rules and the Sheriff's Offices policies and procedures within ninety days of the notice of dismissal. Lieutenant Green's testimony, the internal affairs report, and the information found by the computer manager on the county computer support the Commission's order of dismissal.

Santiago contends that because there is no evidence he concealed his activity or that he committed a criminal act, the disciplinary action was not proper. However, the order of dismissal was premised on improper conduct within ninety days of the notice of dismissal. Because those allegations were proven, no proof of concealment or criminal acts was required.

Santiago also argues the Commission improperly admitted Lieutenant Green's internal affairs report, and that without the report there was insufficient evidence that the violations occurred within the ninety-day limitation period. Santiago waived any complaint that the report was hearsay by failing to make that objection before the Commission. *See* TEX. R. APP. P. 33.1; *Zertuche v. Bexar Cnty.*, No. 04-08-00895-CV, 2009 WL 2183631, *3 (Tex. App.—San Antonio July 22, 2009, no pet.) (mem. op.); *Esparza v. Bexar Cnty.*, No. 04-02-00841-CV, 2003 WL 23005015, *2 (Tex App.—San Antonio December 24, 2003, no pet.) (mem. op.).

Santiago next contends that his motion to dismiss based on Bexar County Sheriff's Civil Service Commission Rule 10.11 should have been granted because Sheriff Ralph Lopez or his designees wholly failed to comply with Bexar County Sheriff Civil Service Rule 10.11. Rule 10.11 provides "If supervision/management fails to meet any deadline set out above, the disciplinary action will have been considered abandoned by the Sheriff's Office." Rules of Bexar County Sheriff's Civil Service Commission 9.18 (Adopted 10-27-98; Effective 11-10-98). Santiago contends Bexar County failed to comply with the ten-day requirement to hold a hearing as required by section 5 of Chapter X of the Bexar County Sheriff's Civil Service Commission Rules. However, Santiago waived this complaint because he did not raise it the trial court. TEX. R. APP. P. 33.1; *See Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999)( "To preserve a complaint for appellate review, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefore, and obtain a ruling.").

Finally, Santiago argues the trial court erred in denying his motion for summary judgment. However, no motion for summary judgment is in the clerk's record. The record indicates the case was set for trial and the parties agreed to resolve the case on the agreed Commission record and by presenting briefs and argument to the trial court.

Accordingly, we affirm the judgment of the trial court.


Steven C. Hilbig, Justice