WATKINS, Judge.
Appellant, a former employee of Charity Hospital, is appealing the dismissal of her appeal before the Civil Service Commission for failure to appear on the date of her hearing.
We remand.
The appellant was a civil service employee of Charity Hospital of Louisiana at New Orleans, Department of Health and Human Resources (DHHR). On December 14, 1981 Ms. Smith received notice that she was terminated, effective December 15, 1981. The notice alleged that she had received warning in October that her conduct at work was unsatisfactory and that no further infractions would be tolerated. The notice also alleged that subsequent to that timé two incidents had occurred for which she was charged with unauthorized leave, the grounds for her dismissal.
Appellant timely filed for an appeal with the Civil Service Commission. The director of the Civil Service Commission sent a letter to the appellant, dated January 5, 1982, which read in pertinent part:
“This appeal is docketed as No. 3097 on the Civil Service Commission’s appeals docket and when a date, time and place, has been assigned for a hearing, you will' be notified accordingly.
* * * * * *
There are currently in excess of three hundred appeals pending before the Civil Service Commission. The Department of State Civil Service is making every effort to have appeals heard as soon as possible. However, due to the huge volume of appeals at this time, there may be a ten month delay between the filing of an appeal and the date of the hearing.”
On May 25, 1982, notice was sent by certified mail from the Department of Civil Service to the appellant informing her that her appeal was scheduled for July 7, 1982. Appellant alleges that in the last week of May, 1982, she left New Orleans for a vacation in Arkansas. At this time she had no notice of the hearing. She returned to New Orleans on approximately July 8, 1982 at which time she found two pink slips indicating an attempt had been made to deliver certified mail to her home. She attempted to ascertain the sender’s identity but was unsuccessful. On July 10,1982 she received notice that her hearing had been set for July 7, 1982, and had been dismissed as a result of her failure to make an appearance. Appellant attempted to schedule another hearing but was refused.
*999 The procedure for dismissal for non-appearance at a hearing on appeal in front of the Civil Service Commission is governed by Civil Service Commission Rule 13:22 which states:
“(a) If the appellant fails to appear at the place and time fixed for any hearing, his appeal may be dismissed or the Commission may in its discretion continue the case or proceed with the hearing and render its decision upon such evidence as may be adduced at the hearing.
(b) If the person against whom the appeal has been taken is absent and unrepresented at the time and place fixed for the hearing of the appeal, without having been granted a continuance, the Commission may proceed with the hearing and render its decision upon such evidence as may be adduced at the hearing.
(c) If any party fails to appear at the place and time fixed for the taking of testimony pursuant to a reference, the referee may proceed to take the testimony of the witness or witnesses in the absence of such party with the same effect as if said party were present.
(d) Nothing herein shall be construed to prevent the Commission or referee from upsetting any fixing upon timely application and for good cause.”'
This rule, in conjunction with the grant of authority to the Commission made by the Louisiana Constitution of 1974, Article 10, Section 10 confers considerable discretion in handling a dismissal for non-appearance. However, the discretion accorded the Civil Service Commission cannot be considered so great that it allows an appeal to be irrevocably disposed of without notice to the appellant. Under the law of Louisiana, appellant was entitled to an appeal of. her dismissal. This appeal cannot be denied the appellant because of the failure of the Civil Service Commission to provide the appellant with adequate notice. An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprise the interested party of the pendency of the action and to afford that party an opportunity to present his objections. Schroeder v. New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962).
Article 10 of the Louisiana Constitution, which provides for an appeal upon dismissal of an employee of permanent status in the classified state or city service, envisions that such an employee will be accorded an opportunity to exercise this right to an appeal. Here, because of her absence from the state, appellant did not receive notice and therefore effectively has been denied the opportunity to exercise her right to an appeal. We do not find that she was remiss in leaving the state for several weeks when she had been informed by a letter from the Department of Civil Service that her appeal might be heard in ten months, which would have been sometime in late September if indeed the hearing had been set for a date ten months after the appeal was filed. Furthermore, the Department of Civil Service was aware at the time of the hearing that the appellant had not received notice, for the unclaimed notice was returned to the Department of Civil Service on approximately June 9,1982, and the Department made no further effort to notify the appellant.
In light of the foregoing and in balancing the great interest appellant has in presenting her ease against the relatively small interest of the Department of Civil Service, we hold that the appellant is entitled to a hearing. The matter is therefore remanded to the Louisiana Civil Service Commission for a hearing on the merits.
REMANDED.