ACCEPTED
04-15-00341-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/4/2015 1:51:06 PM
KEITH HOTTLE
CLERK

NO. 04-15-00341-CV

IN THE COURT OF APPEALS
FOURTH JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/4/2015 1:51:06 PM
KEITH E. HOTTLE
Clerk

BEXAR COUNTY CIVIL SERVICE COMMISSION

Appellant

VS.

CARMELLA GUERRERO

Appellee

# APPELLEE'S BRIEF

Orlando R. Lopez
State Bar No. 24010196
Lopez Scott, L.L.C.
3703 N. St. Mary's Street
Suite 200
San Antonio, Texas 78212
Tel: 210-472-2100
Fax: 210-472-2101
Email: olopez@lopezscott.com

Robert W. Clore
State Bar No. 24012436
Clore Appeals & Litigation Support
15481 S. Padre Island Dr.
Suite 101
Corpus Christi, Texas 78418
Tel: 361-558-3527
Fax: 361-949-0908
Email: rclore@robclorelaw.com

ATTORNEYS FOR APPELLEE
CARMELLA GUERRERO

# TABLE OF CONTENTS

Table of Authorities ............................................................................................ iv

Statement of the Case ........................................................................................... 2

Issue Presented ..................................................................................................... 3

Statement of Facts ................................................................................................ 4

    A. Carmella Guerrero Worked Her Way Up to the Position of Services
        Manager for the Bexar County Information Technology Department. ................ 4

    B. Ms. Guerrero Was Improperly Demoted in 2010. .......................................... 4

    C. Ms. Guerrero Appealed to the Commission, and During the Pendency
        of the Appeal, Her Position Was Eliminated to Deal with the
        "Problem". .................................................................................................... 5

    D. The Commission Purported to "Overturn" Mrs. Guerrero's Demotion
        While Nevertheless Ordering Her to Remain in Her Demoted Position. ............. 6

    E. Ms. Guerrero Appeals the Commission's Ruling to the District Court,
        and the Commission Argues Lack of Jurisdiction Based on Elimination
        of Her Position. ............................................................................................ 7

    F. At a Subsequent Hearing, the Commission Hears Uncontroverted
        Testimony that Mrs. Guerrero's Position was Eliminated to Take Care
        of the Country's "Problem" with Mrs. Guerrero. .............................................. 8

    G. The Trial Court Orders Mrs. Guerrero Reinstated to Her Former E-11
        Classification. ............................................................................................. 12

Summary of the Argument ................................................................................... 13

Argument and Authorities .................................................................................... 14

    I. Standard of Review. ...................................................................................... 14

    II. The Trial Court Applied the Correct Standard; Appellant Fails to Cite a
        Single Page from the Commission's Record in its Substantial Evidence
        Argument . ................................................................................................... 15

    III. The Commission's Order Exceeded its Authority .......................................... 16

    A. Read in Context, the Word "May" in Rule 7.6.14(16) Gives the
        Commission Discretion to Choose from Among Three Dispositions. ............... 19

    B. Rule 7.6.14(18) Further Reinforces that the Commission's Only
        Alternatives Were to Either (1) Uphold, (2) Dismiss, or (3) Reduce the
        Demotion. ................................................................................................... 22

    C.  The Commission Has the Authority to Actually Overturn Mrs. Guerrero's Demotion Regardless of Intervening County Budgetary Decisions. ....................................................................................23

IV. Mrs. Guerrero was Denied Due Process ..............................................25

V.  The Commission's Decision Was Made Through Unlawful Procedure ............27

VI. The Commission's Refusal to Reinstate Mrs. Guerrero is Not Supported by Substantial Evidence. ...........................................................29

VII. Public Policy Weighs Strongly in Favor of the Trial Court's Judgment.........31

VIII. The Commission's Decision to Keep Mrs. Guerrero in Her Demoted Position was Not a Victory for Mrs. Guerrero. .................................................33

IX. The Commission's Hyper-Technical Parsing of Conclusion of Law Number Four Should be Rejected. ...............................................................34

Conclusion & Prayer .....................................................................................37

Certificate of Service .....................................................................................39

Rule 9.4(i) Certification ..................................................................................39

iii

# TABLE OF AUTHORITIES

## Cases

*Associated Builders & Contractors of Texas Gulf Coast, Inc. v. U.S. Dep't of Energy*, 451 F. Supp. 281, 286 (S.D. Tex. 1978) ................................................26

*Bexar County Sheriff's Civil Serv. Comm'n v. Davis*, 802 S.W.2d 659, 661 & n. 2 (Tex. 1990*)*..................................................................................................25

*Bexar Cty. Civil Service Com'n v. Casals*, 63 S.W.3d 57, 60 (Tex. App.—San Antonio 2001, no pet.). ..........................................................15, 17, 18

*Bexar Cty. Sheriff's Dep't v. Sanchez*, No. 04-02-00251-CV, 2004 WL 2997687, at *1 (Tex. App.—San Antonio 2004, pet. denied) (mem. op.) ...........................................................................................14

*BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002)……...........................................................................................36

*Carrollton-Farmers Branch Indp. Schl. Dist. v. JPD, Inc.*, 168 S.W.3d 184, 190 (Tex. App.—Dallas 2005, no pet.)…...........................................23

*City of San Antonio v. Wallace*, 161 Tex. 41, 45-46, 338 S.W.2d 153, 156 (1960) ................................................................................27, 28, 32

*City of Wichita Falls v. Harris*, 532 S.W.2d 653, 658 (Tex. Civ. App.—Fort Worth 1976, writ ref'd n.r.e.) .......................................................31, 32

*Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008)......................................................................................19

*County of Dallas v. Wiland*, 216 S.W.3d 344, 354 (Tex. 2007)..............................25

*Dallas County Civil Service Comm'n v. Warren*, 988 S.W.2d 864, 869 (Tex. App.-San Antonio 1999, no pet.) .....................................................14, 15

*Esparza v. Bexar Cty.*, No. 04-02-00841-CV, 2003 WL 23005015, at *2 (Tex. App.—San Antonio 2003, no pet.) (mem. op.) ..............................16, 29

*Grimes Cty. Bail Bond Bd. v. Ellen*, 267 S.W.3d 310, 316-17
(Tex. App.—Houston [14th Dist.] 2008, pet. denied)…..................................20, 21

*Guerrero v. Bexar Cty. Civil Serv. Comm'n*, No. 04-12-00523-CV,
2012 WL 6728260 (Tex. App.—San Antonio 2012, no pet.)
(mem. op.) .......................................................................................................8, 13

*Hanford-Southport, LLC v. City of San Antonio ex rel. San Antonio
Water Sys.*, 387 S.W.3d 849, 853 (Tex. App.—San Antonio 2012,
pet. denied)...........................................................................................................36

*Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d
838, 846-47 (Tex. 2009) .......................................................................................22

*Johnson v. Second Injury Fund*, 688 S.W.2d 107, 108-09 (Tex. 1985) ...................20

*Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982) ...................................25

*Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999) ............14, 28

*Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) ...................13

*Prize Energy Res., L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537,
571 (Tex. App.—San Antonio 2011, no pet.)........................................................19

*Rice v. Kuhn*, No. 04-03-00088-CV, 2005 WL 418202, at *2
(Tex. App.—San Antonio 2005, pet. denied) (mem. op.). ......................................34

*Santiago v. Bexar Cty.*, No. 04-11-00553-CV, 2012 WL 3776484,
at *1 (Tex. App.—San Antonio 2012, no pet.) (mem. op.) ..............................15, 29

*Seay v. Hall*, 677 S.W.2d 19, 25 (Tex. 1984) .........................................................23

*Smith v. Dep't of Health & Human Res.*, 432 So.2d 997,
999 (La. Ct. App. 1983) ........................................................................................26

*Tarrant County v. Van Sickle*, 98 S.W.3d 358, 366 (Tex.
App.—Fort Worth 2003, pet. denied)....................................................................25

*Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 52 (Tex. 2014)........................20

*University of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) ...............25

*Woychesin v. Harris Cty. Sheriff's Civil Serv. Comm'n*,
No. 14-11-00304-CV, 2012 WL 3776359, at \*3 (Tex. App.—Houston
[14th Dist.] 2012, no pet.) (mem. op.) ...................................................................21

## Statutes & Rules

TEX. LOC. GOV'T CODE §§ 158.012, .0121, .0122 ......... 2, 3, 7, 8, 12-14, 16, 17, 19, 20, 23, 25-27, 29, 31, 35

TEX. GOV'T CODE § 311.021(2) ........................................................................20

U.S. CONST. amend XIV, § 1 ..............................................................................25

TEX. CONST. art. I, § 19 ......................................................................................25

## Miscellaneous

Bexar County Civil Service Commission Rule 7.6.14 ............... 3, 5, 7, 9, 12-14, 18, 19-27, 30-33

Office of the Attorney General Opinion No. JC-0529 (July 9, 2002). ....................32

TO THE HONORABLE COURT OF APPEALS:

This Court should affirm the decision of the trial court, which rejected an unjustified and egregious decision of the Bexar Civil Service Commission. The Commission found that Carmella Guerrero was improperly demoted and purported to "overturn" her demotion, but then, *incredibly*, ordered that she remain in her demoted position (CR 153-54). It is as if a judge "overturned" a death sentence while ordering the executioner to go forward.

Nobody from the Commission, including its attorney or former Director and employee of more than thirty years, has ever seen this done before (RR 40-42; Agreed Supp. CR TR-0222, 0230). As it turns out, the undisputed evidence is that the County specifically eliminated Mrs. Guerrero's position to deal with the "problem" of her appeal, and not as a routine budgetary matter (Agreed Supp. CR TR-0185-87,190-92). Only then did the Commission advance its creative argument that once a position is eliminated, it has no authority to reinstate an employee.

Fortunately, neither the Texas Civil Service Laws nor the Commission's own rules promulgated thereunder support this ruse. Neither say a word about limiting the Commission's authority when a position has been eliminated. These words most definitely should not be read into the statute or Commission rules.

Both the Texas Civil Service Laws and the Commission's rules authorize the Commission and trial court to reinstate Mrs. Guerrero to her prior position, or at

1

least to her prior classification and pay, without regard to whether the County has since eliminated the position. If the Commission is correct and it is powerless to reinstate an employee once the County has eliminated a position, then the County can avoid an appeal of employment decisions in every case by merely eliminating the position after-the-fact. This is not what the civil service laws had in mind.

The trial court correctly rejected the Commission's decision under a number of grounds in Sections 158.012 and 158.0121 of the Texas Local Government Code. Further, the trial court correctly determined that substantial evidence did not support the Commission's decision to keep Mrs. Guerrero in her demoted position. The trial court's order reinstating Mrs. Guerrero must be affirmed.

## STATEMENT OF THE CASE

This is a wrongful demotion case involving Bexar County employee, Carmella Guerrero. Mrs. Guerrero filed an appeal with the Bexar County Civil Service Commission after she was demoted from her E-11 classified position to an E-5 position (Agreed Supp. CR TR-0106-09). On April 26, 2012, the Commission heard Mrs. Guerrero's administrative appeal, and, in a written order, "overturned" Mrs. Guerrero's demotion and awarded her partial back pay (CR 153-54). Despite purportedly "overturning" the demotion, however, the Commission ordered her "to remain in her current [demoted] position . . . at her current salary." (CR 154).

2

A second hearing was held before the Commission on August 21, 2014, during which time additional evidence was presented, pursuant to TEX. LOC. GOV'T CODE § 158.0122, concerning the issue of reinstatement (Agreed Supp. CR TR-0157-279). At the conclusion of the hearing, the Commission upheld its order keeping Mrs. Guerrero in her demoted position (CR 469-70; Agreed Supp. CR TR-0276).

The district court then heard Mrs. Guerrero's appeal (RR), and signed a judgment on March 5, 2015, ordering her reinstated to her former E-11 classification and salary (CR 487-88). The Commission brings this appeal from the March 5, 2015 judgment reinstating Mrs. Guerrero to her prior E-11 classification with Bexar County.

## ISSUES PRESENTED

1. The trial court's judgment is proper under TEX. LOC. GOV'T CODE §§ 158.012 and 158.0121 because the Commission exceeded its authority by failing to follow its own Rules 7.6.14(16) and (17).

2. The trial court's judgment is proper under §§ 158.012 and 158.0121 because the Commission, in failing to follow its own rules, and in working with the County to deny her meaningful appellate relief, violated Mrs. Guerrero's due process rights and made its decision through an unlawful procedure.

3. The district court correctly recognized that, in light of the finding that Mrs. Guerrero was wrongfully demoted, the Commission's keeping Mrs. Guerrero in her demoted position at her demoted salary was against the substantial evidence.

3

**A.   Carmella Guerrero Worked Her Way Up to the Position of Services Manager for the Bexar County Information Technology Department.**

Mrs. Guerrero has worked for Bexar County since 1993 (Agreed Supp. CR TR-0023, 0138-39). Since that time she rose to the position of IT Services Manager for the Bexar County Information Technology Department ("BCITD"), which was classified as an E-11 position (Agreed Supp. CR TR-0023, 0138, 0249). Based on her E-11 classification, Mrs. Guerrero's salary was approximately $80,616.00 per year (*Id.* at TR-0249, 0254).

As the IT Services Manager for the BCITD, Mrs. Guerrero was responsible for the full management of all department activities for all managers and the entire department. She reported directly to the department head, and occupied the second highest position in the department's organizational chart (Agreed Supp. Cr TR-0023, p. 68). She was the highest ranked non-technological employee in the entire department (*Id.*). Before the Chief Information Officer, Cathy Maras, was hired, Ms. Guerrero also served as the interim department head (Agreed Supp. CR TR-0011, pp. 18-19).

**B.   Ms. Guerrero Was Improperly Demoted in 2010.**

By all accounts, Mrs. Guerrero has been an exceptional employee for the County throughout her more than twenty-year tenure (Agreed Supp. CR TR-00033, pp.106-07; TR-00072, pp. 262-63; 267-69; TR-00121, TR-00125, TR-

4

00135-137, TR-00140-147). She never had a negative job performance review (*Id.* at TR-00025, p. 76).

However, in 2010, Ms. Guerrero's supervisor, Ms. Maras, demoted Ms. Guerrero to the E-5 classified position of Technology Business Analyst (Agreed Supp. CR TR-0244). Her salary was reduced to $58,140.00 per year (CR 65). The demotion significantly diminished Ms. Guerrero's responsibilities from her prior E-11 position (Agreed Supp. CR TR-0024, pp. 72-73).

It is undisputed that Mrs. Guerrero was wrongfully demoted (CR 153-54) (Commission's order "overturning" demotion); (CR 513-14) (unchallenged finding of fact that "[t]he Commission determined that Plaintiff's motion was without merit).

## C. Ms. Guerrero Appealed to the Commission, and During the Pendency of the Appeal, Her Position Was Eliminated to Deal with the "Problem".

Ms. Guerrero appealed her demotion with the Commission pursuant to Bexar County Civil Service Commission Rule and Regulation 7.6.14 (Agreed Supp. CR. TR-0354, 468-470). However, before she could obtain relief, the County eliminated her position "because they didn't want her back because of her appeal." (Agreed Supp. CR TR-192). Mrs. Guerrero's appeal had become an issue and "one of the easiest ways to rectify the issue was to eliminate the position." (Agreed Supp. CR TR-185). There is no evidence disputing that the County eliminated Mrs. Guerrero's position to take care of the problem of her appeal.

Although the County also purported to eliminate fifteen other positions, none of those fifteen positions were filled at the time (Agreed Supp. CR TR 0189-91). Mrs. Guerrero's was thus the only person who lost her job (*Id.*).

**D.    The Commission Purported to "Overturn" Mrs. Guerrero's Demotion While Nevertheless Ordering Her to Remain in Her Demoted Position.**

The Commission then held a hearing on Mrs. Guerrero's appeal on April 26, 2012, and granted Mrs. Guerrero the following relief:

> After listening to testimony and reviewing the evidence submitted by both parties in this case, and after deliberating, the Commission, by unanimous decision, has determined that the demotion of Carmella Guerrero should be overturned and that Ms. Guerrero should be granted back pay and
>
> benefits for the difference in pay at the rate of pay when she was demoted until the position was eliminated in the budget on October 1, 2011.   Ms. Guerrero will remain in her current position of Technology Business Analyst at her current salary.
>
> **IT IS HEREBY ORDERED** that the demotion of Carmella Guerrero is overturned and that Ms. Guerrero will be granted back pay and benefits for the difference in pay at the rate of pay when she was demoted until the position was eliminated in the budget on October 1, 2011.
>
> **IT IS FURTHER ORDERED** that Ms. Guerrero will remain in her current position of Technology Business Analyst at her current salary.

(CR 153-54).

Thus, the Commission recognized the impropriety of Mrs. Guerrero's demotion and purported to "overturn" the demotion. Yet, by requiring Mrs. Guerrero to remain in her demoted position at her demoted salary, the Commission, in fact, did not overturn the demotion.

6

The Commission's order indicated that Mrs. Guerrero's position had been eliminated by the County on October 1, 2011 (CR 154). Nothing in the Commission's rules contemplates that the Commission should confer with the County to determine the status of the employee's position in making its ruling (Agreed Supp. CR TR-0468-70). Rule 7.6.14(17) does provide, however, that "[s]hould the office or department refuse to reinstate the employee as ordered by the Commission, the employee shall be entitled to their full salary just as though they had been reinstated as ordered." (*Id*. at TR-0470).

## E. Mrs. Guerrero Appeals the Commission's Ruling to the District Court, and the Commission Argues Lack of Jurisdiction Based on Elimination of her Position.

Obviously dissatisfied with the Commission's empty relief from her improper demotion, Mrs. Guerrero filed an appeal with the district court pursuant to TEX. LOC. GOV'T CODE § 158.012. Under that section of the Texas Civil Service laws, "[a] county employee who, on a final decision by the commission, is demoted, suspended, or removed from the employee's position may appeal the decision by filing a petition in a district court in the county. . . ." *Id*. at § 158.012(a).

The Commission filed a plea to the jurisdiction, arguing that because Mrs. Guerrero's position had been eliminated, its hands were tied (CR 15-20). According to the Commission, only the Commissioner's Court can create

7

positions, and once Mrs. Guerrero's position was eliminated, the Commission was powerless to reinstate her (*Id*. at 17-19).

After the trial court granted the plea, this Court reversed, determining that even though the Commission's order purportedly "overturned" Mrs. Guerrero's demotion, she was still demoted because she was not reinstated to her prior position. *Guerrero v. Bexar Cty. Civil Serv. Comm'n*, No. 04-12-00523-CV, 2012 WL 6728260, at *2 (Tex. App.—San Antonio 2012, no pet.) (mem. op.); (CR 61-65). With respect to the Commission's argument that it had granted all the relief it could, this Court observed, "the intent of the Legislature in enacting section 158.012 was to provide judicial review to a county employee who remains demoted after the Commission's final decision. Allowing a county employee to pursue her right to judicial review unaffected by subsequent budgetary actions is a 'just and reasonable result.'" *Id*. at *2; (CR 65).

**F.      At a Subsequent Hearing, the Commission Hears Uncontroverted Testimony that Mrs. Guerrero's Position was Eliminated to Take Care of the County's "Problem" with Mrs. Guerrero.**

On August 21, 2014, the Commission held a second hearing to allow additional evidence on the issue of whether it should reinstate Mrs. Guerrero to her former employment classification (Agreed Supp. CR TR-0157-279). Mrs. Guerrero introduced Bexar County's Civil Service Commission Rule 7.6.14(16), which requires the Commission to either (1) "deny the appeal and uphold the disciplinary

8

action," (2) "impose a lesser penalty. . . ," or (3) "overturn the disciplinary action[.]" (*Id*. at TR-468-70). By purportedly "overturning" the demotion, but then expressly keeping it in place, the Commission's order does none of the three (CR 153-54). Nothing in Rule 7.6.14 indicates that in ruling, the Commission is to evaluate where the employee fits within the constraints of the County budget (Agreed Supp. CR TR-0468-70).

Mrs. Guerrero also introduced Rule 7.6.14(17), which provides that if the office or department refuses to reinstate the employee, the Commission is required to reinstate the employee by classification and pay (Agreed Supp. CR TR-0470). Under Commission Rules 7.6.14(16), the Commission was to choose from the three dispositions (*Id*.). In Mrs. Guerrero's case, once the Commission purported to overturn the demotion, it was required to reinstate her. If the BCITD had then refused to reinstate her because her position no longer existed, the Commission should have ordered that Mrs. Guerrero "shall be entitled to [her] full salary just as though [she] had been reinstated as ordered." (Agreed Supp. CR TR-0470).

During the hearing, Henry Reyes, the former budget director Bexar County who handled the elimination of Mrs. Guerrero's position, provided uncontroverted testimony that the positions were not eliminated as part of a routine budget change, but rather to specifically deal with Mrs. Guerrero's appeal of her demotion (*Id*. at TR-0180-83, 0185-86, 0190-92).

Mr. Reyes, who reported to County Manager, David Smith (*Id.* at TR-0182-83), testified:

> Q. Let's be a little more specific, Mr. Reyes. Tell the Commissioners what Mr. Smith told you about [Mrs. Guerrero's] position and how he went about doing it.
>
> A. It had become an issue with the County and with BCIT specifically. And one of the easiest ways to rectify the issue was to eliminate the position.
>
> Q. And by issue, you mean that Mr. Smith told you that there was a problem at BCIT with Ms. Guerrero and Ms. Mares?
>
> A. Correct.
>
> * * *
>
> Q. And during that meeting while you were putting the budget together, he told you we've got a problem with Ms. Guerrero?
>
> A. That's his direction.
>
> Q. And that he told you to do what?
>
> A. Eliminate the position.
>
> * * * *
>
> Q. Okay. But in terms of, you know, he didn't give you any other legitimate reasons of why he should have that position eliminated, right?
>
> A. If you're asking whether it was an efficiency issue, whether it was a cost saving issue, no.
>
> Q. It was simply because she had become a problem?

10

A. Yes.

&ast; &ast; &ast; &ast;

Q. And that based on orders that you got, you helped the County eliminate her position, right?

A. Yes.

&ast; &ast; &ast; &ast;

Q. That with your help with David Smith, you-all eliminated a problem for BCIT by getting rid of her because they didn't want her back because of her appeal here, right?

A. That's correct.

(*Id.* at TR-0185-87, 192). Mr. Reyes also explained that although fifteen other positions were technically deleted, Mrs. Guerrero's position was the only one occupied by an actual person (*Id.* at 190-192).

Appellant did not present any evidence controverting Mr. Reyes' testimony that Mrs. Guerrero's position was eliminated to prevent her from challenging her demotion on appeal. Appellant's statements in its brief that Mrs. Guerrero's position was eliminated through the normal and ordinary budgetary process is false, and there is no evidence support it.

Andrea San Miguel, the retired Civil Service Director who worked for Bexar County for more than thirty-nine years, testified that in all her years at the County, she has never seen a situation like Mrs. Guerrero's (Agreed Supp. CR TR-

11

0222, 0230). The Commission's attorney has not seen it in his fifteen years with the County (RR 40-41).

Despite the substantial evidence showing that Mrs. Guerrero was entitled to actually have her demotion overturned as set forth in its own Rule 7.6.14(16), the Commission upheld its April 26, 2012 order keeping Mrs. Guerrero in her demoted position (CR 469-70; Agreed Supp. CR TR-0276).

## G. The Trial Court Orders Mrs. Guerrero Reinstated to Her Former E-11 Classification.

The district court heard Mrs. Guerrero's appeal on December 12, 2014 (RR), and signed a judgment on March 5, 2015, ordering her reinstated to her former "E-11 classification with salary and benefits equal to or greater than the position she held previously under the Bexar County employment classification." (CR 487-88); *see also* TEX. LOC. GOV'T CODE § 158.012© ("court may order reinstatement of the employee, payment of back pay, or other appropriate relief").

The trial court also entered findings of fact and conclusions of law (CR 513-15). Among the trial court's findings of fact, all of which are unchallenged, the court found that "the Commission determined that the Plaintiff's demotion was without merit[.]" (CR 513-14).

The court's conclusions of law state that the Commission exceeded its own authority under Commission Rule 7.6.14, the Commission's refusal to reinstate Mrs. Guerrero violates her due process rights, the Commission's ruling was made

through an unlawful procedure in refusing to reinstate Mrs. Guerrero where her position was deleted during the pendency of her appeal, and that the Commission's relief granted was not reasonably supported by substantial evidence. TEX. LOC. GOV'T CODE § 158.0121; (CR 514-15).

## SUMMARY OF THE ARGUMENT

The last time Carmella Guerrero was before this Court on a plea to the jurisdiction in the same dispute, this Court instructed:

> [T]he intent of the Legislature in enacting section 158.012 was to provide judicial review to a county employee who remains demoted after the Commission's final decision. Allowing a county employee to pursue her judicial review unaffected by subsequent budgetary actions is a "just and reasonable result."

*Guerrero*, 2012 WL 6728260, at \*2 (quoting *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010)); (CR 61-65).

*Dicta* or not, the truth in this Court's language is unmistakeable—a county employee should not be denied meaningful judicial review or due process based on subsequent budgetary actions of the County. This is particularly the case where, as here, the budgetary actions are specifically designed to keep the employee from obtaining meaningful appellate relief.

Rule 7.6.14(16) and (17) allows the Commission to actually overturn Mrs. Guerrero's demotion, and not to merely say it is doing so, but then ordering her to stay in her demoted position. The rule makes no exception for situations in which a

13

position has been eliminated. Under the plain language of the rule, the Commission exceeded its authority, violated due process, and made a decision based on unlawful procedure, by failing to order one of the required dispositions. The trial court also correctly set aside the Commission's decision as contrary to the substantial evidence.

**ARGUMENT AND AUTHORITIES**

## I.      Standard of Review.

Mrs. Guerrero filed an appeal to the district court under Section 158.012, which authorizes the district court to "order reinstatement of the employee, payment of back pay, or other appropriate relief." TEX. LOC. GOV'T CODE § 158.012(b). "An appeal under this section is under the substantial evidence rule[.]" TEX. LOC. GOV'T CODE § 158.012(b); *Bexar Cty. Sheriff's Dep't v. Sanchez*, No. 04-02-00251-CV, 2004 WL 2997687, at *1 (Tex. App.—San Antonio 2004, pet. denied) (mem. op.).

Under this rule, "[t]he issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action." *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). Although resolution of factual conflicts is left to the Commission, there must be some reasonable basis in the record for the action taken. *Dallas County Civil Service Comm'n v. Warren*, 988 S.W.2d 864, 869 (Tex.

App.-San Antonio 1999, no pet.). "The reviewing court, whether the district court or the court of appeals, may not set aside the Commission's decision because it would reach a different conclusion; it may only reverse if that decision was made without regard to the facts or the law and as such, was unreasonable, arbitrary, or capricious." *Santiago v. Bexar Cty.*, No. 04-11-00553-CV, 2012 WL 3776484, at *1 (Tex. App.—San Antonio 2012, no pet.) (mem. op.). Whether substantial evidence exists is a question of law. *Warren*, 988 S.W.2d at 870.

"[E]ven if substantial evidence supports the commission's order, the Texas Local Government Code directs the district court to reverse or remand the commission's decision if the petitioner's substantial rights have been prejudiced because the commission's findings, inferences, conclusions, or decisions are "(A) in violation of a constitutional or statutory provision; (B) in excess of the commission's authority; (C) made through unlawful procedure. . . ." *Bexar County Civil Service Com'n v. Casals*, 63 S.W.3d 57, 60 (Tex. App.—San Antonio 2001, no pet.); TEX. LOC. GOV'T CODE § 158.0121.

## II. The Trial Court Applied the Correct Standard; Appellant Fails to Cite a Single Page from the Commission's Record in its Substantial Evidence Argument.

The Commission repeatedly argues that the trial court failed to employ the substantial evidence rule in reviewing the Commission's order. *See* Appellant's Brief, at 3-6, 8, 13. It fails to explain, however, how the court departed from the

15

appropriate standard other than to suggest, generically, that the court replaced the Commission's decision with its own.

In fact, the Commission does not cite to a single page from the Commission's record in arguing that substantial evidence supported the Commission's decision. *Esparza v. Bexar Cty.*, No. 04-02-00841-CV, 2003 WL 23005015, at \*2 (Tex. App.—San Antonio 2003, no pet.) (mem. op.) (when reviewing the Commission's decision for substantial evidence, the trial court is confined to the commission record). Although it is the petitioner's burden to show the decision was not based on substantial evidence, Appellant gives this Court no evidentiary basis to conclude the trial court got it wrong. *Serrano v. Francis Properties I, Ltd.*, 411 S.W.3d 661, 666 (Tex. App.—San Antonio 2013, pet. dism'd w.o.j.) ("[w]e are not required to sift through the record in search of facts supporting a party's position"); TEX. R. APP. P. 38.1(f), (h). As demonstrated *infra*, the court got it right.

## III. The Commission's Order Exceeded its Authority.

The trial court's rejection of the Commission's ruling is supported on multiple legal grounds, any one of which stands on its own. First, the trial court's order was appropriate because the Commission exceeded its authority by ordering relief contrary to its own Rules. *See* TEX. LOC. GOV'T CODE § 158.0121(2)(B) ("[i]n an appeal under Section 158.012, the district court . . . shall reverse or

remand the case for further proceedings if substantial rights of the petitioner have been prejudiced because the commission's findings, inferences, conclusions, or decisions are . . . in excess of the commission's authority").

This Court recognizes that where the Commission fails to follow its own rules, it exceeds its authority as contemplated by Section 158.0121. *Bexar County Civil Service Commission v. Casals*, 63 S.W.3d 57, 61 (Tex. App.—San Antonio 2001, no pet.). In *Casals*, this Court found the Commission failed to follow its own rules requiring dismissal of a disciplinary action where the complaining department head or elected official failed to attend the hearing before the Commission. *Id.* at 58-61. Despite the absence of the department head at the hearing, the Commission refused to dismiss a termination. *Id.* at 60-61.

According to this Court, "[t]he Commission is bound by its rules to the same degree as all other participants in the proceeding." *Id.* By failing to follow its own rules, the Commission exceeded its authority, which prejudiced the employee's substantial rights. *Id.* at 61.

As in *Casals*, the Commission here failed follow its own rules and exceeded its authority. In particular, the Commission's order fails to comply with its own Rule 7.6.14(16), which provides:

"The Commission may choose to

[(1)] deny the appeal and uphold the disciplinary action,

17

[(2)] impose a lesser penalty than the one taken by the office or department and may include an award of back pay, or

[(3)] overturn the disciplinary action."

(Supp. CR TR-0354, 468-470).

The Commission's order fails to carry out any of the three enumerated dispositions. Although the Commission's order states that Mrs. Guerrero's demotion is "overturned", it expressly orders that Mrs. Guerrero "will remain in her [demoted] position . . . at her [demoted] salary." (CR 154). Because Mrs. Guerrero's demotion remains in place on the plain face of the order, her demotion was not overturned.

Thus, the Commission exceeded its authority. *Casals,* 63 S.W.3d at 61. Further, Mrs. Guerrero's substantial rights were prejudiced by the Commission's exceeding its authority. She should have been reinstated to her prior E-11 classification making $80,616.00, yet the Commission ordered her to remain in her demoted E-5 classification making $58,140.00, $22,476.00 less per year (Agreed Supp. CR TR-0248). Further, Mrs. Guerrero's job responsibilities are dramatically reduced and she is required to report to individuals who previously reported to her (*See id*. at TR-00024-25, pp. 73-75). Accordingly, the trial court's judgment was proper under Section 158.0121(2)(B).

**A. Read in Context, the Word "May" in Rule 7.6.14(16) Gives the Commission Discretion to Choose from Among Three Dispositions.**

The Commission urges that this Court read the list of dispositions in Rule 7.6.14(16) as non-exhaustive and non-mandatory based on the "may" language in the rule. *See* Rule 7.6.14(16) ("The Commission may [(1)] choose to deny the appeal and uphold the disciplinary action, [(2)] impose a lesser penalty than the one taken by the office or department and may include an award of back pay, or [(3)] overturn the disciplinary action") (Supp. CR TR-0354, 468-470).

Viewed in context, it is clear the word "may" provides the Commission with discretion or power to choose from one of the three articulated dispositions. TEX. GOV'T CODE § 311.016 (providing that unless the context requires differently, the word "may" "creates discretionary authority or grants permission or a power"). Otherwise, the Commission can simply take whatever action it wants, and Rule 7.6.14 is meaningless. *See* TEX. GOV'T CODE § 311.021(2) ("in enacting a statute, it is presumed that . . . [t]he entire statute is intended to be effective"); *Prize Energy Res., L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 571 (Tex. App.—San Antonio 2011, no pet.) ("court[s] must not interpret a statute in a manner that renders any part meaningless or superfluous") (citing *Columbia Med. Ctr. Of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008)).

If the drafters of Rule 7.6.14(16) had intended to make the list non-exhaustive, they could have used the word "including" or a catchall that the

Commission can enter other appropriate relief. *Compare* Rule 7.6.14(16) *with* TEX. LOC. GOV'T CODE § 158.012© ("If the district court renders judgment for the petitioner, the court may order reinstatement of the employee, payment of back pay, *or other appropriate relief*") (emphasis added). Their failure to do so must be construed as purposeful. *See Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 52 (Tex. 2014) (courts must " xclusi[e] the Legislature included words that it intended to include and omitted words it intended to omit"); *Johnson v. Second Injury Fund*, 688 S.W.2d 107, 108-09 (Tex. 1985) (under the doctrine of  xclusion  unius est  xclusion alterius, "the express mention or enumeration of one person, thing, consequence or class is equivalent to an express exclusion of all others").

In a case involving construction of a similar phrase, the Houston Fourteenth Court of Appeals interpreted "may" as giving a board discretion to choose exclusively from the options listed. *Grimes Cty. Bail Bond Bd. V. Ellen*, 267 S.W.3d 310, 316-17 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). In *Grimes*, the statute provided that "a board *may revoke or suspend* a license if the license holder . . . fails to pay a judgment." TEX. OCC. CODE § 1704.252(8) (emphasis added). As in this case, it was argued that the word "may" gave the board discretion to take one of the listed actions, or another of its choosing.

The court of appeals rejected this interpretation, noting that "[t]he word 'may' must not be analyzed in isolation; statutory context must be considered." *Grimes*, 267 S.W.3d at 316-17. That is, "[t]he word 'may' cannot be divorced from its surrounding language to change the statute's meaning, or to add an option the statute does not provide[.]" *Id*. at 317. Therefore, the Court concluded the statute gave "the trial court discretion to choose between revocation and suspension." *Id*. As in *Grimes*, Rule 7.6.14(16)'s use of the word "may", read in context, gives the Commission discretion to choose among the listed options.

This case is unlike the *Woychesin v. Harris Cty. Sheriff's Civil Serv. Comm'n* opinion cited by the Commission. No. 14-11-00304-CV, 2012 WL 3776359, at *3 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (mem. op.). In *Woychesin*, the rule in question concerned a ten-day timeline for holding a hearing, and not a list of dispositions. The word "may" was not even in the rule. The court of appeals interpreted the rule as non-mandatory because it provided no consequences for failing to comply with the timeline, and did not instruct that a hearing could not be held after ten days. *Woychesin* is thus inapposite.

The Commission's overly-simplistic construction depends on isolation of the word "may", while ignoring other rules of statutory construction. Under the plain language of Rule 7.6.14(16), the Commission was required to take one of the

enumerated actions, and was not free to craft the unique and unreasonable disposition entered against Mrs. Guerrero.

**B.    Rule 7.6.14(18) Further Reinforces that the Commission's Only Alternatives Were to Either (1) Uphold, (2) Dismiss, or (3) Reduce the Demotion.**

The surrounding sections of Rule 7.6.14(16) support that the Commission must choose from among the three enumerated dispositions. Rule 7.6.14(18) requires the Commission to issue a written order at the conclusion of an employee's appeal of her discipline (Agreed Supp. CR TR-0354, 468-470). It provides:

> [a] written order of the [Commission] shall be entered which clearly states whether the [County's] action will be [(1)] upheld, [(2)] dismissed, or [(3)] reduced. [The Commission's] order shall be signed by the members…who made the decision and sent to all parties.

*Id.*

If, as claimed by the Commission, it is vested with unlimited discretion, and can take whatever action it deems fit, then Rule 7.6.14(18), like 7.6.14(16) under the Commission's interpretation, is meaningless. Obviously, this illogical construction of the rules cannot be followed.

22

**C. The Commission Has the Authority to Actually Overturn Mrs. Guerrero's Demotion Regardless of Intervening County Budgetary Decisions.**

The Commission's argument that it could not overturn Mrs. Guerrero's demotion by reinstating her once her position was eliminated, and that only the Commissioners Court can create a position, is misguided for multiple reasons.

First, Rule 7.6.14 gives the Commission the power to overturn demotions and makes no exception for instances in which a position is eliminated. Similarly, Section 158.012 of the Texas Local Government Code enables the trial court to reinstate without regard to whether a position has been eliminated.

The omission of an exception must be presumed as intentional. *Carrollton-Farmers Branch Indp. Schl. Dist. v. JPD, Inc.*, 168 S.W.3d 184, 190 (Tex. App.—Dallas 2005, no pet.). Correspondingly, this Court should not read an exception into the statute or the Commission's own rules as advanced by Appellant. *See Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 846-47 (Tex. 2009); *Seay v. Hall*, 677 S.W.2d 19, 25 (Tex. 1984). Thus, there is nothing in the rule or statute supporting the notion that they only apply when the position has not been eliminated.

Further, among the myriad of cases cited by the Commission discussing the role of the Commissioners Court in making budgetary decisions, not a single one

23

indicates the Commission cannot order reinstatement or reinstatement of pay once a position has been eliminated. There is no such case because it is not the law.

As a practical matter, the Commission is not charged with evaluating where the employee fits within the constraints of the County's budget. Rather, under the Commission's rules, it determines whether to uphold the demotion, impose a lesser penalty, or overturn the disciplinary action. Commission Rule 7.6.14(16). Once the Commission determines to overturn the disciplinary action, if there is a problem with reinstatement, Rule 7.6.14(17) specifically requires that "the employee shall be entitled to their full salary just as though they had been reinstated as ordered." Bexar County Civil Service Commission Rule 7.6.14(17).

The Commission argues this portion of Rule 7.6.14 is not applicable because the BCIT did not refuse to reinstate Mrs. Guerrero. That is exactly the point.

The Commission should have ordered Mrs. Guerrero reinstated, and at that point, the BCIT could have refused to reinstate Mrs. Guerrero based on the eliminated position. At that juncture, the Commission would have been required to order Mrs. Guerrero be awarded her "full salary as though [she] had been reinstated as ordered." *Id*. The Commission's failure to follow its own procedures, and not the County's budgetary decisions, resulted in Mrs. Guerrero not obtaining the relief to which she was entitled under Rules 7.6.14(16) and (17). The

24

Commission exceeded its authority, and the trial court's judgment is proper under TEX. LOC. GOV'T CODE § 158.0121.

## IV. Mrs. Guerrero was Denied Due Process.

The trial court's judgment is also proper based on the Commission's violation of Mrs. Guerrero's procedural due process rights. By "overturning" Mrs. Guerrero's improper demotion, but failing to follow its own rules by either reinstating Mrs. Guerrero to her former position or reinstating her to her full salary as though she had been reinstated, the Commission violated Mrs. Guerrero's due process rights. *See* U.S. CONST. amend XIV, § 1 ("No State shall . . . deprive any person of life, liberty or property, without due process of law. . . ."); TEX. CONST. art. I, § 19.

In analyzing a claim of deprivation of procedural due process, courts must determine (1) whether the plaintiff had a liberty or property interest entitled to procedural due process; and (2) if so, what process is due. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *University of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). The expectation in continued employment except for just cause for a civil service employee is a property interest of which employees may not be deprived without due process. *County of Dallas v. Wiland*, 216 S.W.3d 344, 354 (Tex. 2007); *Bexar County Sheriff's Civil Serv. Comm'n v. Davis,* 802 S.W.2d 659, 661 & n. 2 (Tex. 1990). Whether due process was afforded

25

to the plaintiff is determined by examining the Rules of the County Civil Service Commission. *See Tarrant County v. Van Sickle*, 98 S.W.3d 358, 366 (Tex. App.— Fort Worth 2003, pet. denied) ("[b]ecause the Tarrant County Civil Service Commission can establish its own civil service rules under chapter 158 of the local government code, only by examining those rules can we determine whether Van Sickle did not receive the "due process" afforded him under the rules when he was terminated from his employment. . . .").

As discussed *supra*, Rule 7.6.14(16) permits the Commission to take one of three actions: (1) deny the appeal, (2) impose a lesser penalty or (3) overturn the disciplinary action. The Commission failed to take any of the three actions. Although it purported to "overturn" the demotion, it failed to reinstate Mrs. Guerrero and kept her in her demoted position. As such, the Commission failed to afford her the due process provided in Rules 7.6.14(16), (17), and (18).

Moreover, Mrs. Guerrero's due process rights were violated by the County's elimination of her position to deal with the "problem" of Mrs. Guerrero's appeal, together with the Commission's unsubstantiated position that the elimination precluded the Commission from entering the relief required by its own rules. These actions thereby deprived Mrs. Guerrero of the definitive relief to which she was entitled under Rule 7.6.14(16). *See Associated Builders & Contractors of Texas Gulf Coast, Inc. v. U.S. Dep't of Energy*, 451 F. Supp. 281, 286 (S.D. Tex. 1978)

26

(party had "a constitutional right to have its government follow its own rules. If [the party] is denied its right to its administrative appeal, it has . . . been deprived of procedural due process which is in itself irreparable injury."); *see also Smith v. Dep't of Health & Human Res.*, 432 So.2d 997, 999 (La. Ct. App. 1983) (appeal could not be denied based on failure of the civil service commission to provide adequate notice as violation of due process). The due process violation is not excused by the County's need to make budgetary changes, as the uncontroverted evidence is that the only reason Mrs. Guerrero's position was eliminated was to deal with the problem of her appeal, and not as a routine budget measure (Agreed Supp. CR. TR-0185-87, TR-0190-92).

## V.     The Commission's Decisions were Made Through Unlawful Procedure.

The trial court also correctly determined that the Commission's violation of its own rules, as described *supra*, was "made through unlawful procedure." TEX. LOC. GOV'T CODE § 158.0121(c). Moreover, the County's purposeful elimination of Mrs. Guerrero's position to deprive her from relief, together with the Commission's unsubstantiated position that the elimination precluded the Commission from entering the relief required by its own rules, constitutes an unlawful procedure by the County and Commission.

The Texas Supreme Court, albeit in a different context, has held unlawful the same conduct as the combined efforts of the County and Commission in this

27

case. *See City of San Antonio v. Wallace*, 161 Tex. 41, 45-46, 338 S.W.2d 153, 156 (1960). In *Wallace*, the Court set aside a San Antonio ordinance designed to discharge employees by eliminating their civil service positions. *Wallace*, 338 S.W.2d at 154-55. In finding the City's actions improper, the Court explained:

> There is a real and fundamental distinction between the lawful abolition of an unnecessary position and the discharge of a faithful employee in violation of the rights secured to him by statute; and the latter action can neither be concealed nor protected by a pretense that it was in the exercise of the former right. If the attempt to abolish an office be merely colorable and the real objective be to legislate one out of office or a civil service position, the courts are not bound by the apparent form of the action but will disregard the pretense and be governed by the substance of the action. Tenure of office and **civil service laws cannot be evaded by a sham or pretended abolishment of position**.

*Id*. at 156 (emphasis added).

*Wallace* speaks directly to this case. The County's and Commission's combined efforts to evade the Commission's Rules and Civil Service Laws by a sham elimination of positions is unlawful. The trial court properly recognized that the undisputed evidence shows that elimination of Mrs. Guerrero's position, and the Commission's refusal to enter appropriate relief, was nothing but a pretext to deprive her of required relief. *See Wallace*, 338 S.W.2d at 159.

28

Accordingly, the trial court's judgment is supported by the additional ground that the Commission's findings, inferences, conclusions, or decisions were the result of an unlawful procedure. TEX. LOC. GOV'T CODE § 158.0121(c).

## VI. The Commission's Refusal to Reinstate Mrs. Guerrero is Not Supported by Substantial Evidence.

The trial court's judgment is also proper because the Commission's decision is not supported by substantial evidence. "Under the substantial evidence standard, "[t]he issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action." *Mireles*, 9 S.W.3d at 131.

The record demonstrates no reasonable basis for the Commission "overturning" Mrs. Guerrero's demotion, while expressly keeping her in her demoted position at her demoted pay. The Commission's decision is the epitome of an unreasonable and arbitrary act made without regard to facts or law. *Santiago*, 2012 WL 3776484, at *1.

Appellant's failure to direct this Court to a single page in the Commission's record exposes the absence of any substance to its argument. *See Esparza*, 2003 WL 23005015, at *2 (reviewing court considers the Commission record for substantial evidence). As discussed *supra*, the Commission's argument that it was not required to make one of the enumerated decisions in Rule 7.6.14 flies in the face of the plain language of the rule, statutory construction, and Texas case law.

Additionally, as discussed, the Commission's position that it could not reinstate Mrs. Guerrero is devoid of any legal merit. Neither the Commission's rules nor the Texas Civil Service laws purport to limit the Commission's authority to reinstate when the County has, during the pendency on an appeal, eliminated a position. For this reason, Mrs. Guerrero's acknowledgement that her position was abolished, and her agreement with counsel that only the Commissioner's Court can create or eliminate positions,[1] is no evidence, much less substantial evidence, supporting the Commission's decision to keep Mrs. Guerrero in her demoted position. Irrespective of the Commissioner's Court's authority, the Commission's Rules and the Texas Civil Service laws authorize the overturning of demotions and reinstatement, and make no qualification for only those cases in which the position has not been eliminated.

The only explanation that is supported by the evidence is that the County and the Commission worked together to take away Mrs. Guerrero's rights to an appeal and relief as provided for in Rule 7.6.14 and Section 158.012 of the Texas Local Government Code (Agreed Supp. CR TR-0185-87, 190-92).

The substantial evidence unquestionably supports the Commission's finding that Mrs. Guerrero's demotion was improper and should have actually been

---

[1] Mrs. Guerrero has no expertise concerning the power of the Commissioners Court, and thus her statement that it could not create a position has no evidentiary value. Even if the statement carried any weight, it does not alter the analysis that the Commission's rules and the civil service laws authorize reinstatement without regard to whether a position has been eliminated by the County or Commissioner's Court.

overturned by reinstatement to her prior employment classification of E-11 (*See generally* Supp. CR TR-0001-0480). It is undisputed Mrs. Guerrero was wrongfully demoted (CR 153-54) (Commission's order "overturning" demotion); (CR 513-14) (unchallenged finding of fact that "[t]he Commission determined that Plaintiff's demotion was without merit"). The Commission's Rules required it to actually overturn the demotion, not simply to say it was doing so and then to keep her in her demoted position (Agreed Supp. CR TR 470). The Commission should have ordered her reinstated, and if it later learned that she could not be returned to her position, then it was bound to follow Rule 7.6.14(17) and award her full salary as though she had been reinstated as ordered (*Id.*).

The Commission's failure to do so, and its insistence that it can do nothing in the face of the County eliminating her position, where the position was specifically eliminated to facilitate this argument, amounts to an unreasonable and arbitrary act by the Commission. As such, the Commission's decision is not supported by substantial evidence.

## VII. Public Policy Weighs Strongly in Favor of the Trial Court's Judgment.

The trial court's judgment ordering Mrs. Guerrero reinstated to her E-11 classification and salary is in keeping with the rationale behind Texas Civil Service Laws and the Commission's rules promulgated thereunder. Specifically, the Legislature enacted the civil service legislation to help counties "attract and keep

31

capable officers and employees." Office of the Attorney General Opinion No. JC-0529 (July 9, 2002) (citing Tex. House Interim Co. Unity Gov't Study Comm., Report to the 62nd Legislature 13 (Jan. 11, 1971)). Without the certainty afforded by these laws, "[t]he prospect of losing a job if the department head loses an election inevitably discourages prospective employees." *Id*.

"[T]he public policy of the state as evidenced by its civil service law . . . is to place municipal employees for the most part upon a merit system and free them from political control." *City of Wichita Falls v. Harris*, 532 S.W.2d 653, 658 (Tex. Civ. App.—Fort Worth 1976, writ ref'd n.r.e.) (quoting *City of San Antonio v. Wallace*, 161 Tex. 41, 338 S.W.2d 153 (1960)). Critically, this public policy "cannot be circumvented and the court[s] will scrutinize carefully any attempt to do so." *Id*.[2]

Obviously, allowing the County to work with the Commission to deny an employee relief by eliminating her position during her appeal cuts against these rationales. So does allowing the Commission to disregard its rules concerning appeals of employment disciplinary actions. If the County can avoid meaningful

---

[2] Consistent with this public policy, the Commission's rules reflect a commitment to ensure County employment decisions are removed from the political process and the whims of newly elected department heads. Rule 7.6.14(17) provides that "[s]hould the …department refuse to reinstate the employee as ordered by the Commission, the employee shall be entitled to their full salary just as though they had been reinstated as ordered." (Agreed Supp. CR TR-0354, 468-470). The former head of the Commission for over thirty years testified that this language was added in the 1970's when elected officials and department heads were refusing to reinstate employees, and thus ignoring the Commission's orders of reinstatement (*Id*. at TR-0227-0228).

appeals of disciplinary matters by eliminating positions after-the-fact, then Commission Rule 7.6.14(16) is a ruse, and county employees are subject to the whims of changing department heads without recourse. This, in turn, serves to discourage prospective employees from County employment.

Meanwhile, the Commission's supposed concern that Mrs. Guerrero is asking it to micromanage county budget issues is, at best, ill-founded. Mrs. Guerrero's position was eliminated to address her appeal, and not any financial issue with the budget (Agreed Supp. CR TR-0186) (testimony from the Budget Director that "[i]f you're asking whether it was an efficiency issue, whether it was a cost saving issue, no"; it was simply because she had become a problem). In any case, Commission decisions on County disciplinary matters inevitably impact the County's budget. This is no excuse for the Commission's refusal to follow its own rules.

## VIII. The Commission's Decision to Keep Mrs. Guerrero in Her Demoted Position Was Not a Victory for Mrs. Guerrero.

Let there be no mistake: the Commissioner's order keeping Mrs. Guerrero in her demoted position was not a victory for her. After nearly twenty years of service with Bexar County, Mrs. Guerrero was wrongfully demoted six classification grades from her position of IT Services Manager. The Commission agreed that the demotion was improper, yet refused to reinstate her. The verbiage in the order that her demotion is "overturned" is of no consequence to her.

The fact that the Commission brazenly suggests that Mrs. Guerrero should be thankful for any relief because she would have been laid off anyways had she not been demoted. But, as the undisputed evidence shows, Mrs. Guerrero's position was only eliminated so that the issues with her and the County would go away. Thus, keeping Mrs. Guerrero in her demoted position after the Commission found her demotion improper was anything but a favor.

## IX. The Commission's Hyper-Technical Parsing of Conclusion of Law Number Four Should be Rejected.

The trial court entered eight conclusions of law (CR 514-15). In the first three, the trial court concluded the Commission violated Mrs. Guerrero's due process rights, exceeded its own authority by violating its own rules, and made its ruling through an unlawful procedure (*Id*. at 513). Each of these conclusions supports the judgment on its own. *See Rice v. Kuhn*, No. 04-03-00088-CV, 2005 WL 418202, at *2 (Tex. App.—San Antonio 2005, pet. denied) (mem. op.) (error in conclusions of law "need not prompt a reversal if the judgment can be sustained on any legal theory supported by the evidence.").

Rather than address these conclusions, the Commission only attacks conclusion at law number four, which provides:

> The Commission's ruling was not reasonably supported by substantial evidence in that substantial evidence does not support a finding that the Plaintiff should be demoted, that Plaintiff's former position should have

deleted, and that Plaintiff should not have been reinstated
as provided in Section 158.0121(2)(E).

(CR 514-15).

This conclusion is correct, and the Commission's argument that it is in error depends on a hyper-technical reading of portions of it in isolation. The trial court correctly stated that the "substantial evidence does not support a finding that the Plaintiff should be demoted[.]" (*Id*.). This is not an indication that the Commission was incorrect in finding Mrs. Guerrero should not be demoted. To the contrary, the court indicated that it was against the substantial evidence to find that Mrs. Guerrero was improperly demoted, and then not to reinstate her. This is consistent with the court's order finding in favor of Mrs. Guerrero and reinstating her (CR 511-12).

The Commission also attacks the phrase that it was against the substantial evidence that "Plaintiff should not have been reinstated as provided in Section 158.0121(2)(E)." There is no error in this statement. Section 158.0121(2)(E) discusses that a commission's decision may be reversed when it is "not reasonably supported by substantial evidence." The citation at the end was not referencing the last phrase discussing reinstatement, but was supporting the overall conclusion of the lack of substantial evidence.

The Commission challenges the language that it was against the substantial evidence that Plaintiff was not reinstated. This conclusion in correct. The

35

Commission specifically ordered Mrs. Guerrero to remain in her demoted position, and thus necessarily determined, improperly, that she should not be reinstated.

The Commission also attacks the phrase that the substantial evidence did not support a finding that "the Plaintiff's former position should have [been] deleted[.]" (CR 515). Although the Commission argues that this determination was outside the province of the trial court, it was the Commission that advanced that Mrs. Guerrero's position was eliminated, and that this was the basis for the Commission's decision not to reinstate her. Consequently, the trial court correctly found that the evidence did not support that the position should have been deleted. Further, regardless of the propriety of the elimination of Mrs. Guerrero's position, the Commission was vested with authority to overrule the demotion by reinstating her (Agreed Supp. CR TR-0470). Accordingly, the trial court's judgment was proper.

To the extent any portion of these conclusions can be construed as inaccurate, immaterial, or erroneous, they do not affect the correct judgment. "If the reviewing court determines a conclusion of law is erroneous but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal." *Hanford-Southport, LLC v. City of San Antonio ex rel. San Antonio Water Sys.*, 387 S.W.3d 849, 853 (Tex. App.—San Antonio 2012, pet. denied) (quoting *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794

(Tex.2002)). As clearly demonstrated *supra*, the trial court correctly set aside the Commission's order keeping Mrs. Guerrero in her demoted position.

## CONCLUSION & PRAYER

The trial court correctly recognized that the Commission in this case took unreasonable, arbitrary, and capricious measures to keep Mrs. Guerrero in her demoted positions despite recognizing it was improper.

It is undisputed that Mrs. Guerrero was wrongfully demoted. Further, the undisputed evidence is that the County eliminated her position to deal with the "problem" of her appeal. The Commission used this as the basis for denying Mrs. Guerrero her right to reinstatement in violation of its own rules.

If the Commission is correct, then it can avoid a civil service appeal in every case by eliminating the position after-the-fact, and then taking the position it has in this case that its hands are tied. This is not the intent of the civil service legislation.

The trial court's judgment should be upheld because the Commission (1) exceeded its authority by failing to follow its own rules, (2) violated Mr. Guerrero's due process rights by failing to follow its own rules and by working together with the County to deny her a meaningful appeal, and by (3) denying Mrs. Guerrero the relief to which she was entitled through an improper procedure. Because she makes $22,000 less per year, enjoys fewer responsibilities, and answers to people whom she previously supervised, Mrs. Guerrero's rights have

clearly been substantially prejudiced by the Commission's actions. Additionally, the Commission's decision to purportedly "overturn" Mrs. Guerrero's demotion, but then keep Mrs. Guerrero in her demoted position, is contrary to the substantial evidence.

WHEREFORE, premises considered, Appellee, Carmella Guerrero, prays that this Court affirm the judgment of the trial court. Appellee further prays for costs and for such other and further relief, in law and in equity, to which she may be justly entitled to receive.

Respectfully submitted,

/s/ Robert W. Clore_____
Robert W. Clore
Clore Appeals & Litigation Support
State Bar No. 24012436
15481 South Padre Island Drive
Suite 101
Corpus Christi, Texas 78418
Telephone: (361) 558-3527
Facsimile: (361) 949-0908
rclore@robclorelaw.com

Orlando Lopez
Lopez Scott, L.L.C.
State Bar No. 2401096
3703 N. St. Mary's Street
Suite 200
San Antonio, Texas 78212
Telephone: (210) 472-2100
Telecopier: (210) 472-2101
olopez@lopezscott.com

**ATTORNEYS FOR APPELLEE, CARMELLA GUERRERO**

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 4th day of December, 2015.

Clarkson F. Brown, Attorney for the Bexar County Civil Service Commission, cbrown@bexar.org.

**VIA E-FILING**

/s/ Robert W. Clore_____
Robert W. Clore

## Rule 9.4(i) Certification

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 8,597.

/s/ Robert W. Clore
Robert W. Clore